[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
Plaintiffs Jill Marie Cicco and Joseph Cicco, daughter and father, filed an eight count complaint against defendants Arborio Corporation (Arborio) and John Goodrich, Administrator of the Estate of Kimberly Kachmor on August 17, 1990. Plaintiffs allege that plaintiff daughter suffered severe personal injuries due to Arborio's negligence and nuisance. Counts three and four are directed against Arborio by plaintiff father. Plaintiff father seeks to recover damages for medical expenses he has paid on behalf of plaintiff daughter. Plaintiffs admit in an interrogatory that plaintiff daughter was 20 years old at the time that her injuries were sustained and medical expenses incurred.
That portion of the complaint which is directed against defendant John Goodrich was withdrawn by plaintiffs February 14, 1991. (Counts 5-8)
Defendant filed an answer December 11, 1990. Defendant denies the material allegations of plaintiffs' complaints.
Defendants Arborio now moves for summary judgment as to counts three and four. Defendant moves on the ground that there is no genuine issue material fact regarding counts three and four because Conn. Gen. Stat. 52-204 does not allow a parent to recover medical expenses paid on behalf of an adult child. Defendant argues that it is entitled to summary judgment as a matter of law.
As required by Conn. Practice Bk. 380, defendant has filed a memorandum in support of its motion. Plaintiffs have timely filed a memorandum in opposition. As required by Conn. Practice Bk. 379, the leadings are closed between the parties. CT Page 3979
 II.
A party is entitled to summary judgment if he would be entitled to a directed verdict on the same facts. United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 380
(1969). "The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts." State v. Goggin, 208 Conn. 606, 615 (1988) (citation omitted). "Because the burden of proof is on the moving party, the facts presented must be viewed in the light most favorable to the party opposing the motion." Id. at 616. In passing on a motion for summary judgment, the trial court is to determine whether an issue of fact exists but may not try that issue if it does exist. McColl v. Pataky, 160 Conn. 457,459 (1971).
A parent has both a statutory and common law duty to support his minor children within the reasonable limits of his ability. Weisbaum v. Weisbaum, 2 Conn. App. 270, 272-73
(1984). The obligation of a parent to support a child terminated when the child attains the age of majority, which in Connecticut is 18. Cariseo v. Cariseo, 141, 142 (1983).
Conn. Gen. Stat. 52-204 (rev'd to 1991) states:
 In any civil action arising out of personal injury . . ., as a result of which personal injury . . . the husband or parent of the plaintiff has made or will be compelled to make expenditures or has contracted indebtedness, the amount of such expenditures or indebtedness may be recovered by the plaintiff, provided a recovery by the plaintiff shall be a bar to any claim by such husband or parent . . . .
Defendant argues that 52-204 limits a parent's right to recovery to situations involving minor children, and that where the injured child is an adult, the parent cannot use 52-204 to recover expenses incurred on behalf of an adult child. Plaintiff father argues that defendant is misreading Conn. Gen. Stat. 52-204. Plaintiff father further argues that 52-204 allows any parent to recover expenditures made on behalf of their child, no matter what age the child is. Plaintiff father does not allege any statute or case law to support his alleged right to bring an action to recover expenses incurred on behalf of an adult child.
In the interest of avoiding unnecessary litigation, the legislature passed the predecessor of Conn. Gen. Stat. 52-204
to permit a minor to recover in an action brought by him the expenses to which his parents have incurred. Petro v. Radcliffe, CT Page 3980 7, Conn. Sup. 479, 481 (1939). Conn. Gen. Stat. 52-204 does not create any new rights of recovery that did not already exist in the parent. Savona v. General Motors Corp., 640 F. Sup. 6, 10
(D.Conn. 1985) Kershaw v. Housatonic Cablevision Company, 3 CTLR 378 (February 20, 1991).
Section 52-204 has been interpreted to mean that no cause of action is created in the parent, but merely provides a vehicle by which the plaintiff child can recover expenses incurred by a parent in lieu of the parent bringing a cause of action on the parent's own behalf. Kershaw. 3 CLTR at 379. The parent may, if he has an independent claim, bring his own action on his own behalf. Id. A parent cannot use 52-204 as the basis for recovery of sums paid on behalf of a child. Further, in order to recover for expenses incurred on behalf of a child a parent must state an independent cause of action.
Connecticut Supreme Court cases have discussed the independent right of a parent to recover expenditures incurred as a result of personal injury to a child involving minor children. Shiels v. Audette, 119 Conn. 75 (1934); Krause v. Almor Homes, Inc., 147 Conn. 333 (1960); and Dzenutis v. Dzenutis, 200 Conn. 290 (1986). The court held in these cases that when a minor child is injured, two causes of action spring into existence, one in the child and one in the parent.
The plaintiff father has failed to cite any state statute or common law precedent which stands for the proposition that a parent has an independent cause of action to recover expenditures incurred as a result of personal injury to an adult child.
The father, not having set out a viable cause of action against defendant, the plaintiff father's action are amenable to a motion for summary judgment.
Therefore, the defendant's motion for summary judgment as to counts three and four of plaintiffs' complaint is hereby granted.
Stengel, J.