### STATE OF CONNECTICUT *v.* ALICE POMPEI
### (AC 17428)

Lavery, Schaller and Spear, Js.

Submitted on briefs December 7, 1998—officially released March 16, 1999

*Alfred F. Morrocco, Jr.*, and *Thomas W. Conlin* filed a brief for the appellant (defendant).

*James E. Thomas*, state's attorney, and *Lisa Herskowitz* and *Brian Preleski*, assistant state's attorneys, filed a brief for the appellee (state).

*Opinion*

SPEAR, J. The defendant, Alice Pompei, appeals from the judgment of conviction, rendered after a jury trial, of larceny in the first degree in violation of General Statutes § 53a-122 (a). She claims that the trial court improperly (1) denied her motion to dismiss the information for lack of subject matter jurisdiction, (2) charged the jury on the elements of larceny, (3) charged the jury by referring to facts not in evidence and to a civil statute and (4) failed to allow her to present evidence of a corollary civil matter. We reverse the judgment of the trial court.

The jury reasonably could have found the following facts. In 1986, pursuant to the Uniform Gifts to Minors Act,[1] the defendant and her husband established investment accounts in the amount of $30,000 each for the

---

[1] General Statutes (Rev. to 1985) §§ 45-101 through 45-109b.

benefit of their two sons, Steven and Gregory. The defendant was designated as the custodian for Gregory's account. In 1990, the defendant and her husband divorced. The dissolution agreement provided that the custodial accounts would be placed in a trust, with the defendant and her husband as joint trustees.

The moneys in Gregory's custodial account were never placed in trust and remained under the defendant's custodianship. In May, 1996, the defendant liquidated the custodial account and placed the moneys, now totaling $67,000, in a savings account. The account was opened in Gregory's name with the defendant as custodian. After Gregory's twenty-first birthday, he sent a letter to the defendant demanding that she turn over the funds to him. The defendant responded by sending a letter to Gregory's father requesting the amount of Gregory's educational expenses for fall semester. The defendant was subsequently arrested and charged with first degree larceny. After a jury trial, the defendant was convicted and this appeal followed.

I

As a preliminary matter, the defendant first claims that the trial court lacked subject matter jurisdiction to hear the first degree larceny charge. She claims that, because an underlying issue dealt with the defendant's actions as custodian, the Probate Court was the only court with jurisdiction to hear the case. We disagree.

The defendant contends that the underlying action is purely a civil action. General Statutes § 51-164s provides in relevant part: "The Superior Court shall be the sole court of original jurisdiction for all causes of action, except such actions over which the courts of probate have original jurisdiction, as provided by statute. . . ." Disputes under the Uniform Transfers to Minors Act[2]

---

[2] The Uniform Gifts to Minors Act was replaced in 1995 by the Uniform Transfers to Minors Act. Public Acts 1995, No. 95-117.

fall under the original jurisdiction of the Probate Court. General Statutes § 45a-557b provides in relevant part: "Courts of probate in any district in which the transferor, the minor or the custodian is resident, or in which the custodial property is located shall have jurisdiction of any disputes or matters involving custodianship under sections 45a-557 to 45a-560b, inclusive. . . ." The defendant's argument, therefore, hinges on the proposition that a charge of first degree larceny of the custodial funds is really nothing more than a civil dispute between the minor and the custodian. We reject this rationale.

While the minor child could have petitioned to remove the defendant as custodian before he reached majority, he did not do so. Upon the minor's reaching majority, the defendant's custodianship terminated. General Statutes § 45a-559e provides: "The custodian shall transfer in an appropriate manner the custodial property to the minor, the legal representative of the minor or the personal representative of the minor's estate upon the earlier of (1) the minor's attainment of twenty-one years of age, or (2) the minor's death." It was the defendant's failure to transfer the custodial property to her son Gregory after his twenty-first birthday that constituted the alleged unlawful withholding and served as the basis for the first degree larceny conviction.

The state was required to prove beyond a reasonable doubt that the defendant, with intent to deprive another of property or to appropriate the same to himself or a third person, wrongfully withheld such property from the owner, and that the value of the property exceeded $10,000. General Statutes §§ 53a-119 and 53a-122 (a) (2). While the defendant's actions as custodian are relevant, they do not transform the case into a civil dispute between the custodian and minor child. Larceny is an offense against the state. "Penal statutes, strictly and properly, are those imposing punishment for an offense

against the State . . . . The words 'penal' and 'penalty,' in their strict and primary sense, denote a punishment, whether corporal or pecuniary, imposed and enforced by the State for a crime or offense against its laws." (Citation omitted.) *Plumb* v. *Griffin*, 74 Conn. 132, 134, 50 A. 1 (1901).

The Superior Court has subject matter jurisdiction to hear criminal matters "from its authority as 'a constitutional court of unlimited jurisdiction. Conn. Const., art. 5 § 1.' *State* v. *Stallings*, 154 Conn. 272, 278, 224 A.2d 718 (1966). The Superior Court's authority in a criminal case becomes established by the 'proper presentment of the information . . . which is essential to initiate a criminal proceeding.' *Reed* v. *Reincke*, 155 Conn. 591, 598, 236 A.2d 909 (1967)." *State* v. *Carey*, 222 Conn. 299, 305–306, 610 A.2d 1147 (1992), on appeal after remand, 228 Conn. 487, 636 A.2d 840 (1994). Unquestionably, the Superior Court has subject matter jurisdiction over this criminal case in which the information charges the defendant with larceny in the first degree.

## II

The defendant next claims that the trial court improperly charged the jury on the crime of larceny. She claims that the trial court failed to instruct the jury that larceny requires proof that the taking was done with the intent to deprive the owner of the property permanently. We agree.

The defendant properly preserved this claim by filing a written request to charge. Practice Book § 42-16. "Our standard of review concerning claims of instructional error is well settled. [J]ury instructions must be read as a whole and . . . are not to be judged in artificial isolation from the overall charge. . . . The whole charge must be considered from the standpoint of its effect on the jurors in guiding them to a proper verdict

. . . and not critically dissected in a microscopic search for possible error. . . . *Hall* v. *Burns*, 213 Conn. 446, 475, 569 A.2d 10 (1990). The instruction must be adapted to the issues and may not mislead the jury but should reasonably guide it in reaching a verdict. *Lemonious* v. *Burns*, 27 Conn. App. 734, 740, 609 A.2d 254, cert. denied, 223 Conn. 915, 614 A.2d 823 (1992). We must review the charge as a whole to determine whether it was correct in law and sufficiently guided the jury on the issues presented at trial. *State* v. *Coleman*, 35 Conn. App. 279, 292, 646 A.2d 213 [cert. denied, 231 Conn. 928, 648 A.2d 879] (1994)." (Internal quotation marks omitted.) *State* v. *Elijah*, 42 Conn. App. 687, 691, 682 A.2d 506, cert. denied, 239 Conn. 936, 684 A.2d 709 (1996). "An error in the charge requires reversal only if, in the context of the whole instruction, there is a reasonable possibility that the jury was misled in reaching its verdict. *State* v. *Anderson*, 212 Conn. 31, 38, 561 A.2d 897 (1989); *State* v. *Woods*, 23 Conn. App. 615, 623, 583 A.2d 639 (1990)." *State* v. *Dickerson*, 28 Conn. App. 290, 299, 612 A.2d 769 (1992).

Our review of the charge in its entirety leads us to conclude that the trial court improperly failed to instruct the jury that larceny requires proof of an intent to deprive the owner of property *permanently*. One of the essential elements of larceny is "the existence of a felonious intent in the taker to deprive the owner of [property] permanently . . . ." (Internal quotation marks omitted.) *State* v. *Huot*, 170 Conn. 463, 467–68, 365 A.2d 1144 (1976). General Statutes § 53a-118 (a) (3) provides: "To 'deprive' another of property means (A) to withhold it or cause it to be withheld from him permanently or for so extended a period or under such circumstances that the major portion of its economic value or benefit is lost to him . . . ." On the element of intent, the trial court instructed the jury that "[i]f

someone took property honestly although mistakenly believing that he or she had a right to do so, you cannot find the required intent of this element of larceny. Also, if someone took the property that he or she honestly believed was abandoned, for example, from a dumpster, the necessary intent is missing. Also, if someone took property intending to return it to the true owner or if he or she believed he or she had permission to take the property, the wrongful intention of depriving a person of property cannot be proven." The contested issue in this case was whether the defendant intended to deprive her son of the property *permanently*. Reversal is required because, by failing to instruct the jury that any taking or withholding required an intent to deprive permanently, it is reasonably possible that the jury was misled.

### III

The defendant's remaining claims consist of mere assertions of fact devoid of any citation of authority. Although some of these claims may arise in a new trial, we decline to review them because they are inadequately briefed. "We are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Citation omitted; internal quotation marks omitted.) *State* v. *Henderson*, 47 Conn. App. 542, 558, 706 A.2d 480, cert. denied, 244 Conn. 908, 713 A.2d 829 (1998).

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.