## ALEJANDRO ORTIZ v. COMMISSIONER OF CORRECTION
### (AC 19032)

Landau, Schaller and Mihalakos, Js.

Submitted on briefs November 3—officially released December 14, 1999

*Patrice A. Cohan*, special public defender, filed a brief for the appellant (petitioner).

*Michael Dearington*, state's attorney, *Christopher T. Godialis*, assistant state's attorney, and *Robert Katz*, senior assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Alejandro Ortiz, appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court improperly dismissed his claim of ineffective assistance of counsel.[1] After a review of the record and briefs, we conclude that the petitioner failed to make a substantial showing that he was denied a state or federal constitutional right.

---

[1] The petition for a writ of habeas corpus included three counts. The petitioner failed, however, to brief adequately any alleged error in the habeas court's rejection of the other two grounds advanced in the petition. Pursuant to our policy not to review claims that have been inadequately briefed, we address only the claim of ineffective assistance of counsel. *State* v. *Pompei*, 52 Conn. App. 303, 309, 726 A.2d 644 (1999).

The petitioner was convicted after a jury trial of possession of a narcotic substance in violation of General Statutes § 21a-279 (a) and possession of a narcotic substance within 1500 feet of a school in violation of § 21a-279 (d). After the jury returned its verdict, the defendant pleaded guilty to the charge of being a subsequent offender because of a prior conviction for possession of a narcotic substance. On appeal, we affirmed the trial court's judgment. *State* v. *Ortiz*, 41 Conn. App. 904, 673 A.2d 1185, cert. denied, 237 Conn. 928, 677 A.2d 949 (1996).

The habeas court's dismissal of the petition was predicated on its factual review of the petitioner's claim and its determination that he had failed to rebut the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance . . . ." *Safford* v. *Warden*, 223 Conn. 180, 193, 612 A.2d 1161 (1992). That court did not credit the petitioner's testimony that his trial counsel had failed to inform him of the consequences of his plea. Consequently, there was no basis for finding that the petitioner had been provided ineffective assistance of counsel. Practice Book § 39-27, formerly § 721, provides the grounds on which a plea can be withdrawn after acceptance. The petitioner argued that his attorney failed to make him aware of the nature of the charge or of the sentence that could be imposed and, therefore, should have moved to withdraw the plea. The failure of trial counsel to do this, according to the petitioner, rendered the attorney's assistance ineffective. The habeas court stated in its memorandum of decision that the petitioner had failed to persuade the court of his claim.[2]

The petitioner failed to sustain his burden of proving that counsel's performance was deficient and that the

[2] The habeas court noted that, at trial, the petitioner's attorney went off the record specifically to explain the situation to his client, after which the petitioner pleaded guilty.

petitioner suffered actual prejudice. See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). We conclude that the habeas court had before it sufficient evidence to find as it did and, therefore, properly exercised its discretion.

The judgment is affirmed.