## DORETTA F. SENDER *v.* JOSEPH J. SENDER
## (AC 18626)

Schaller, Spear and Dupont, Js.

Argued November 1, 1999—officially released February 1, 2000

*Jeffrey D. Ginzberg*, with whom, on the brief, was *Kenneth M. Potash*, for the appellant (defendant).

*Steven P. Kulas*, with whom, on the brief, was *Prescott W. May*, for the appellee (plaintiff).

*Opinion*

SCHALLER, J. The defendant, Joseph J. Sender, appeals from the postjudgment order of the trial court finding him in contempt of an order that directed him to restore funds to two custodial accounts for the parties' minor children. On appeal, the defendant claims that the trial court lacked jurisdiction and, therefore, improperly ordered him (1) to restore funds to the accounts and (2) to place the plaintiff's name on the accounts. We affirm the judgment of the trial court.

The following facts are necessary for a resolution of this appeal. The parties were married on December 14, 1973, and have two minor children, a son born on October 1, 1983, and a daughter born on October 11, 1988. In 1994, the plaintiff, Doretta F. Sender, brought an action for dissolution of the marriage, and the defendant filed a counterclaim. Both parties sought, inter alia, a dissolution, custody of and support for the children, and conveyance of property. At the time of trial, the defendant's financial affidavit indicated that he was the custodian of two Connecticut Uniform Gifts to Minors

Act[1] accounts, which totaled $20,000. In July, 1996, the marriage was dissolved. The dissolution judgment included a provision ordering that "[t]he plaintiff's name shall be placed on the custodial accounts for the two minor children . . . with both the plaintiff's and the defendant's signatures required for any withdrawal of these funds."[2]

On September 24, 1997, the plaintiff filed a motion for contempt based on the defendant's failure to place the plaintiff's name on the custodial accounts.[3] Although the defendant had not complied with the court's order, the plaintiff did not claim this motion for hearing. On October 28, 1997, the plaintiff filed another motion for contempt, alerting the court that the defendant still had not put her name on the accounts. Furthermore, the plaintiff alleged in this motion that the defendant had withdrawn almost $18,000 from the accounts. On January 20, 1998, the court issued an order

---

[1] The Connecticut Uniform Gifts to Minors Act, General Statutes §§ 45a-546 through 45a-556, was replaced in 1995 by the Connecticut Uniform Transfers to Minors Act, General Statutes §§ 45a-557 through 45a-560b. See Public Acts 1995, No. 95-117. General Statutes § 45a-557b (a) provides: "Sections 45a-557 to 45a-560b, inclusive, apply to a transfer that refers to said sections in the designation under subsection (a) of section 45a-558f by which the transfer is made if at the time of the transfer, the transferor, the minor or the custodian is a resident of this state or the custodial property is located in this state. Courts of probate in any district in which the transferor, the minor or the custodian is resident, or in which the custodial property is located shall have jurisdiction of any disputes or matters involving custodianship under sections 45a-557 to 45a-560b, inclusive. The custodianship so created remains subject to said sections and to such probate court jurisdiction despite a subsequent change in residence of a transferor, the minor or the custodian, or the removal of custodial property from this state."

[2] Although the dissolution judgment was appealed to this court and affirmed, this order was not the subject of the appeal. See *Sender* v. *Sender* 45 Conn. App. 916, 694 A.2d 45, cert. denied, 242 Conn. 914, 697 A.2d 369 (1997).

[3] The plaintiff filed several motions for contempt concerning this issue. Although both parties cite the September 24, 1997 motion for contempt as the starting point of this dispute, the first motion actually was filed by the plaintiff on June 13, 1997.

requiring the defendant to place the plaintiff's name on the accounts and to restore the accounts to their amounts at the time of the dissolution. The court, however, made no contempt finding. In response to a further motion for contempt filed on April 23, 1998,[4] the court, on June 30, 1998, found the defendant in contempt and ordered as follows: "The funds [in the amount of $18,000] must be restored. [The defendant] is in contempt of the court order. The accounts are to be restored in thirty days from today's date." From this postjudgment order, the defendant has appealed.

In reviewing the defendant's claimed improprieties concerning the finding of contempt, we are guided by standards that limit our review. "[O]ur review [of a finding of civil contempt] is technically limited to questions of jurisdiction such as whether the court had authority to impose the punishment inflicted and whether the act or acts for which the penalty was imposed could constitute a contempt. . . . This limitation originates because by its very nature the court's contempt power . . . must be balanced against the contemnor's fundamental rights and, for this reason, there exists the present mechanism for the eventual review of errors which allegedly infringe on these rights. . . . [Our Supreme Court has] found a civil contempt to be improper or erroneous because: the injunction on which it was based was vague and indefinite . . . the findings on which it was based were ambiguous and irreconcilable . . . the contemnor's constitutional rights were not properly safeguarded . . . the penalties imposed were criminal rather than civil in nature . . . and the contemnor, through no fault of his own, was unable to obey the court's order. . . . *Papa* v. *New*

---

[1] The motion the plaintiff filed on April 23, 1998, alleged that there remained a shortfall of about $18,000 in the children's trustee accounts and sought to hold the defendant in contempt for failing to comply with the court's January 20, 1998 order that he replenish those funds.

*Haven Federation of Teachers*, 186 Conn. 725, 731–32, 444 A.2d 196 (1982) . . . .

"Although . . . plenary review of civil contempt orders extends to some issues that are not truly jurisdictional, its emphasis on fundamental rights underscores the proposition that the grounds for any appeal from a contempt order are more restricted than would be the case in an ordinary plenary appeal from a civil judgment. *Commissioner of Health Services* v. *Youth Challenge of Greater Hartford, Inc.*, 219 Conn. 657, 666, 594 A.2d 958 (1991) . . . ." (Citations omitted; internal quotation marks omitted.) *Eldridge* v. *Eldridge*, 244 Conn. 523, 527–28, 710 A.2d 757 (1998).

Our scope of review in appeals from family relations decisions also is limited. "The well settled standard of review in domestic relations cases is that this court will not disturb trial court orders unless the trial court has abused its legal discretion or its findings have no reasonable basis in the facts. . . . *Gallo* v. *Gallo*, 184 Conn. 36, 50, 440 A.2d 782 (1981). . . . In determining whether there has been an abuse of discretion, the ultimate issue is whether the court could reasonably have concluded as it did." (Citations omitted; internal quotation marks omitted.) *Turner* v. *Turner*, 219 Conn. 703, 708–709, 595 A.2d 297 (1991).

I

The defendant's sole claim concerning the finding of contempt for failure to restore the funds to the accounts is that the court lacked subject matter jurisdiction to order him to do so and, therefore, improperly found his conduct contemptuous. The crux of the defendant's argument is that because the underlying issue dealt with his actions as custodian, pursuant to General Statutes § 45a-557b (a), the Probate Court was the only court with jurisdiction to hear the case. We disagree.

General Statutes § 51-164s provides in relevant part: "The Superior Court shall be the sole court of original jurisdiction for all causes of action, except such actions over which the courts of probate have original jurisdiction, as provided by statute. . . ." Disputes under the Connecticut Uniform Transfers to Minors Act, General Statutes §§ 45a-557 through 45a-560b, fall under the original jurisdiction of the Probate Court. Section 45a-557b (a) provides in relevant part: "Courts of probate in any district in which the transferor, the minor or the custodian is resident, or in which the custodial property is located shall have jurisdiction of any disputes or matters involving custodianship under sections 45a-557 to 45a-560b, inclusive. . . ." The defendant argues that although the Superior Court had jurisdiction over the dissolution of marriage action, it lacked jurisdiction to order him to do anything in his capacity as custodian because § 45a-557b (a) grants the Probate Court exclusive jurisdiction on custodial matters. We reject this rationale.

We begin our analysis by observing that " '[t]he Superior Court of this state as a court of law is a court of general jurisdiction. It has jurisdiction of all matters expressly committed to it and of all others cognizable by any law court of which the exclusive jurisdiction is not given to some other court. The fact that no other court has exclusive jurisdiction in any matter is sufficient to give the Superior Court jurisdiction over that matter.' State ex rel. Morris v. Bulkeley, 61 Conn. 287, 374, 23 A. 186 [1892]." LaBella v. LaBella, 134 Conn. 312, 316, 57 A.2d 627 (1948). Section 45a-557b (a) does not give the Probate Court exclusive jurisdiction. There is nothing in the language of § 45a-557b (a) to indicate that the legislature intended the phrase "[c]ourts of probate . . . shall have jurisdiction of any disputes or matters involving custodianship under sections 45a-557 to 45a-560b" to produce the result that the defendant

urges. Our legislature has consistently drafted legislation to state expressly when a court has exclusive jurisdiction. See, e.g., General Statutes § 46b-42 (granting Superior Court exclusive jurisdiction over all complaints seeking dissolution of marriage, decree of annulment or legal separation); General Statutes § 46b-212h (a) (granting family support magistrate division or Superior Court exclusive jurisdiction over child support orders); General Statutes § 52-12 (granting Superior Court exclusive jurisdiction over sale of certain real property).

Moreover, the defendant's assertion runs contrary to existing case law. In *Hall* v. *Dichello Distributors, Inc.*, 6 Conn. App. 530, 535, 506 A.2d 1054, cert. denied, 200 Conn. 807, 512 A.2d 230 (1986), we addressed the jurisdictional limitations of the Probate Court, finding that there are "limited types of actions over which the Superior Court does not exercise original jurisdiction . . . ." We indicated that the three types of actions in which the Superior Court is limited in jurisdiction are those involving the "custody of a child not the issue of the marriage involved in a divorce, settlement of an executor's or administrator's account, and the question of due execution of a will." Id. The cause of action in this case does not fit into any of the three jurisdictional categories that we articulated in *Hall*.

We previously have determined that the Superior Court has jurisdiction to order parties to take actions dealing with custodial accounts. See, e.g., *Weisbaum* v. *Weisbaum*, 2 Conn. App. 270, 477 A.2d 690 (1984). *Weisbaum* was a dissolution of marriage case in which the Superior Court ordered the defendant, as custodian, to make payments from the minor children's custodial trust funds.[5] Id., 271–72. On appeal, this court found

[5] The trust funds were also set up under the Connecticut Uniform Gifts to Minors Act, which was codified at the time as General Statutes §§ 45-101 through 45-109b.

that the Superior Court had abused its discretion in permitting the invasion of the custodial account. Id., 272. We determined, however, that the trial court acted properly in ordering the defendant to take action, thus implicitly determining that jurisdiction existed in the trial court.

In addition, the issue of whether the Probate Court has exclusive jurisdiction when the underlying issue deals with § 45a-557b was addressed in *State* v. *Pompei*, 52 Conn. App. 303, 726 A.2d 644 (1999). In *Pompei*, we rejected the defendant's argument that the charge of first degree larceny of custodial funds was nothing more than a civil dispute between the minor and the custodian. Id., 305–307. We stated that "[w]hile the defendant's actions as custodian are relevant, they do not transform the case into a civil dispute between the custodian and minor child." Id., 306. The same rationale is applicable here. In this case, although the Probate Court would have been an appropriate forum had the dispute involved only the custodian and the minor child, the defendant's actions in his capacity as custodian do not override the fact that the dispute arose in the context of a dissolution action over which the Superior Court had exercised jurisdiction.

We conclude that the trial court had jurisdiction to order the defendant to restore the accounts to their original amounts at the time of the dissolution. On the basis of the record before us, the trial court did not act improperly in finding the defendant in contempt for failing to adhere to the court's restoration order.

## II

The defendant also claims that the court improperly ordered him to place the plaintiff's name on the accounts and, therefore, improperly found him in contempt. The defendant argues that the language of General Statutes § 45a-558g prevents him from complying

with the court's order because only one person may be named as a custodian.[6] The record, however, reveals that the court found the defendant in contempt only for failing to restore the funds to the accounts. Although the court on more than one occasion ordered the defendant to place the plaintiff's name on the accounts, the defendant failed to appeal from the dissolution judgment, in which the court gave this order for the first time. A resolution of the issue concerning who is to serve as custodian of the accounts in question is crucial in view of our decision affirming the contempt order relating to restoration. See General Statutes § 45a-558g. Because the only issue properly appealed, however, is the contempt order for failing to restore the funds, we cannot properly address the defendant's second claim. Accordingly, we must leave it to the parties and the trial court to take appropriate steps to protect the custodial funds once they are restored.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[6] General Statutes § 45a-558g provides: "A transfer may be made for only one minor, and only one person may be the custodian. All custodial property held under sections 45a-557 to 45a-560b, inclusive, by the same custodian for the benefit of the same minor constitutes a single custodianship."