[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Lore Saturno and her husband, Alfred Saturno, filed a revised complaint in five counts against the defendant, Dovenmuchie Funding, Inc., alleging that the defendant mishandled Lore Saturno's application for mortgage refinancing. The plaintiffs allege in count one of their complaint that the defendant failed to provide timely notice of the name and address of the credit reporting bureau, and also failed to notify the plaintiffs of a right to request a free copy of their credit report from that bureau, in violation of the Fair Credit Reporting Act,15 U.S.C. § 1681m. In count two, they allege that the defendant failed to provide the credit bureau information and to notify Mrs. Saturno of the availability of the credit report, in violation of General Statutes § 36a-696, the Consumer Credit Reporting Act. In count three of the complaint, the plaintiffs allege that the defendant discussed Lore Saturno's credit application with Albert Saturno, who was not a co-applicant for refinancing or co-obligor on the original mortgage, in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq. In count four, the plaintiffs allege that the defendant obtained a copy of Albert Saturno's credit report without his knowledge or consent, then improperly denied Lore Saturno's application for refinancing based on that report in violation of the Fair Credit Reporting Act,15 U.S.C. § 1681m and 1681n. In count five, they allege that the defendant's conduct is "immoral, oppressive and unscrupulous," constituting an "unfair and deceptive act or practice" in the conduct of a trade or business in violation of General Statutes § 42a-110a et. seq., the Connecticut Unfair Trade Practices Act (CUTPA).
Lore Saturno died during the course of this action, and her husband, Albert Saturno, was appointed administrator of her estate. The defendant filed motion #111 to dismiss the complaint on the basis that her death deprived the court of subject matter jurisdiction. "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." Practice Book § 10-31. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff CT Page 2779 cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis omitted; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Pamela B. v. Ment, 244 Conn. 296,308, 709 A.2d 1089 (1998).
The defendant argues that: (1) because all the counts are based on the defendant's handling of the loan application by Mrs. Saturno alone, her husband does not have standing in this action;[1] and (2) alternatively, even if Mr. Saturno would otherwise have standing as administrator of his wife's estate pursuant to General Statutes §52-599 (a) and (b), the present claims or causes of action are penal in nature and do not survive Lore Saturno's death under § 52-599 (c). "At common law every suit, whether founded on contract or tort, abated on the death of the plaintiff or the defendant before judgment." Stein v.Katz, 213 Conn. 282, 288, 567 A.2d 1183 (1989). General Statutes §52-599 abrogates the common law rule. Under the statute, "[a] civil action or proceeding shall not abate by reason of the death of any party thereto, but may be continued by or against the executor or administrator of the decedent. If a party plaintiff dies, [her] executor or administrator may . . . prosecute the action in the same manner as his [testatrix] or [intestatrix] might have done if [s]he had lived." General Statutes § 52-599 (b).[2] The plaintiff[3] argues in reply that under § 52-599, Albert Saturno, as executor of his wife's estate, does have standing to pursue his late wife's claims.
"Penal statutes, strictly and properly, are those imposing punishment for an offense against the State. . . . The words `penal' and `penalty,' in their strict and primary sense, denote a punishment, whether corporal or pecuniary, imposed and enforced by the State for a crime or offense against its laws." State v. Pompei, 52 Conn. App. 303, 306-07, 726 A.2d 644
(1999). "Statutes that are genuinely remedial provide a remedy enforceable by an individual in a civil action [that] allows the recovery of damages in an amount commensurate with the injuries suffered." (Internal quotation marks omitted.) Caldor's, Inc. v. Bedding Barn, Inc.,177 Conn. 304, 317, 417 A.2d 343 (1979).
In counts one, three, and four, the plaintiff alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681m[4] and § 1681n.[5] These statutory provisions are remedial and not penal in nature. The civil penalty provision in 15 U.S.C. § 1681n provides the individual with the right to sue for damages.[6] The harm under this statute is to the individual, and not to society as a whole. Therefore, CT Page 2780 the statutory provisions are remedial and not penal in nature. SeeCaldor's, Inc. v. Bedding Barn, Inc., supra, 177 Conn. 317. As to count two, alleging violations of the Connecticut Consumer Protection Act, General Statutes § 36a-696, the penalty imposed is penal and not remedial. The penalty portion of the act, General Statutes § 36a-699, provides that "[a]ny person who wilfully violates any provision of sections 36a-695 to 36a-699, inclusive, shall be fined not more than one hundred dollars for a first offense and not more than five hundred dollars for a second offense, and shall be fined not more than one thousand dollars or be imprisoned for not more than six months, or both, for each subsequent offense." (Emphasis added.) Because this statute imposes a penalty of fine or imprisonment, § 36a-699 is penal and not remedial. See State v. Pompei, supra, 52 Conn. App. 307. The legislative history also suggests that the statute is penal and not remedial. Representative Roy Henry Ervin states: "[w]e would have a State agency that can step in and help out the consumer who is being wronged." 14 H.R. Proc., Pt. 7, 1971 Sess., p. 4042. This commentary indicates that the state, and not the individual, enforces the punishment under the statute. Therefore, since this statute is penal and not remedial, the administrator of the estate cannot intervene under § 52-599.
In count five, the plaintiff alleges a violation of CUTPA. CUTPA is a remedial statute and not a penal statute. See Willow Springs CondominiumAssn., Inc. v. Seventh BRT Development Corp., 245 Conn. 1, 42, 717 A.2d 77
(1998) (the "entire act is remedial in character"). Therefore, the statutory remedies that the plaintiff pursues are remedial, and the administrator of the estate can process this law suit pursuant to General Statutes § 52-599.
The defendant's motion to dismiss count two is granted. The motion to dismiss counts one, three, four and five is denied.
So Ordered.
Dated at Stamford, Connecticut, this 21st day of February, 2001.
William B. Lewis, Judge