STATEWIDE GRIEVANCE COMMITTEE *v.*
KAREN ZADORA ET AL.
(AC 20185)

Lavery, C. J., and Foti and Dranginis, Js.

Argued January 11—officially released April 17, 2001

*Samuel B. Feldman,* for the appellants (defendants).

*Maureen A. Horgan,* assistant bar counsel, for the appellee (plaintiff).

*Opinion*

DRANGINIS, J. The defendants, Karen Zadora and Richard Forsey, appeal from the judgment of the trial court holding them in contempt of court. On appeal, the defendants claim that the court improperly held that (1) the plaintiff had met its burden of proof concerning the defendants' noncompliance with an existing court order and (2) the defendants were in contempt of court and in violation of the terms of an existing injunction. We disagree and, accordingly, affirm the judgment of the trial court.

The following facts and procedural history are relevant to our consideration of the defendants' appeal. The plaintiff statewide grievance committee filed a complaint against the defendants, who were doing business as Divorce Documentation Service of Connecticut, also known as The Documentation Company, charging them with the unauthorized practice of law. The defendants do not dispute the fact that they are not attorneys. The complaint alleged that the defendants' business, which claims that it offers only typing and forms for dissolution actions, actually offers legal advice to its customers.

In 1991, Zadora began a business known as the Legal Documentation Company. In December, 1991, the plaintiff initiated an investigation to determine whether this company was engaging in the unauthorized practice of law. After a hearing in April, 1992, at which only Zadora testified, the plaintiff concluded that Zadora's services consisted only of typing legal forms for divorces, leases, real estate sales and commercial transactions as directed by the customer and that that type of clerical service did not constitute the unauthorized practice of law.

Sometime in late 1992, Forsey, who is Zadora's father, joined the business. In 1993, the plaintiff initiated another investigation of the defendants because it had received a business card of the Legal Documentation Company that contained the names of both Zadora and Forsey. In 1994, the plaintiff again concluded that the defendants had not engaged in the unauthorized practice of law.

On April 29, 1998, the plaintiff commenced the current action, seeking an injunction pursuant to Practice Book § 2-47 (c)[1] to restrain the defendants from engag-

---

[1] Practice Book § 2-47 (c) provides in relevant part: "A petition to restrain any person from engaging in the unauthorized practice of law not occurring in the actual presence of the court may be made by written complaint to the superior court in the judicial district where such violation occurs. . . ."

ing in the unauthorized practice of law. The court rendered judgment for the plaintiff and issued a restraining order enjoining the defendants from practicing law. The order expressly permitted the defendants to sell books or pamphlets about pro se divorce and to provide typing services for forms. The defendants did not appeal from that judgment.

In July, 1999, the defendants mailed flyers with attached business cards to numerous places. The flyers and business cards contained phrases such as "[w]hat we do is show people how they can obtain a divorce on their own," "[w]e do all the necessary clerical preparation work for the individual," "pro bono work accepted," "extensive research" and "consultation." On the basis of the representations contained in the flyers, the plaintiff filed a motion for contempt on August 6, 1999. The court held the defendants in contempt and ordered that they not distribute any advertising material for ten days following submission to the plaintiff for review. The court also ordered the defendants to post a $5000 performance bond with the court. This appeal followed.

The defendants claim that the court improperly found them in contempt of the order not to engage in the unauthorized practice of law. The defendants also claim that the plaintiff failed to meet its burden of proof for a finding of contempt.

A finding of contempt is a question of fact; see *State* v. *Jackson*, 147 Conn. 167, 170, 158 A.2d 166 (1960); and our standard of review is to determine whether the court abused its discretion in finding that the actions or inactions of the party were in contempt of a court order. *Bunche* v. *Bunche*, 36 Conn. App. 322, 324, 650 A.2d 917 (1994).

Certain established standards limit our review of the defendants' claimed improprieties concerning the find-

ing of contempt. "[O]ur review [of a finding of civil contempt] is technically limited to questions of jurisdiction such as whether the court had authority to impose the punishment inflicted and whether the act or acts for which the penalty was imposed could constitute a contempt. . . . This limitation originates because by its very nature the court's contempt power . . . must be balanced against the contemnor's fundamental rights and, for this reason, there exists the present mechanism for the eventual review of errors which allegedly infringe on these rights. . . . [Our Supreme Court has] found a civil contempt to be improper or erroneous because: the injunction on which it was based was vague and indefinite . . . [and] the findings on which it was based were ambiguous and irreconcilable . . . . *Papa* v. *New Haven Federation of Teachers*, 186 Conn. 725, 731–32, 444 A.2d 196 (1982) . . . ." (Citation omitted; internal quotation marks omitted.) *Eldridge* v. *Eldridge*, 244 Conn. 523, 527–28, 710 A.2d 757 (1998); *Sender* v. *Sender*, 56 Conn. App. 492, 495–96, 743 A.2d 1149 (2000). "Although . . . plenary review of civil contempt orders extends to some issues that are not truly jurisdictional, its emphasis on fundamental rights underscores the proposition that the grounds for any appeal from a contempt order are more restricted than would be the case in an ordinary plenary appeal from a civil judgment." (Internal quotation marks omitted.) *Eldridge* v. *Eldridge*, supra, 528; *Sender* v. *Sender*, supra, 496.

In a civil contempt proceeding, the movant has the burden of establishing, by a preponderance of the evidence, the existence of a court order and noncompliance with that order. See *Potter* v. *Board of Selectmen*, 174 Conn. 195, 197, 384 A.2d 369 (1978); *Duve* v. *Duve*, 25 Conn. App. 262, 269, 594 A.2d 473, cert. denied, 220 Conn. 911, 597 A.2d 332 (1991), cert. denied, 502 U.S. 1114, 112 S. Ct. 1224, 117 L. Ed. 2d 460 (1992).

In this case, the court did not abuse its discretion in finding that the defendants were in contempt of the court order. The court had authority to impose the order punishing the defendants, and the acts of the defendants for which the penalty was imposed constituted noncompliance with the order.

The trial court's memorandum of decision states: "In the present case, the flyer and business cards strongly suggest that the respondents provide complete preparation of the legal documents needed to pursue a pro se dissolution of marriage. Phrases such as '[w]hat we do is show people how they can obtain a divorce on their own,' and '[w]e do all the necessary clerical preparation work for the individual' mislead prospective consumers into expecting that the respondents will advise and assist them in selecting and filling out the proper documents. Nowhere in the advertisement is it indicated that the service is limited to supplying blank forms requested by the consumer and typing consumer generated responses. The cards boast of the extensive research conducted by the respondents with attorneys and court personnel as background to perform document preparation. This boasting implies that the respondents are qualified to provide more than a collection of blank forms to be sifted through and responded to by the consumer alone. The repeated use of the word 'consultation' implies that the service involves the giving of advice as opposed to the mere recording of responses."

Advertising alone is sufficient to constitute the unauthorized practice of law if the advertisement is for activity that amounts to legal services. See *Statewide Grievance Committee* v. *Harris*, 239 Conn. 256, 256–57, 683 A.2d 1362 (1996). That principle may apply despite the presence of disclaimers of being an attorney or providing legal advice. See *Statewide Grievance Com-*

*mittee* v. *Patton,* 239 Conn. 251, 253–55, 683 A.2d 1359 (1996).

The facts found by the court sufficiently supported the conclusion that the defendants violated the injunction and were in contempt of court. On the basis of our review of the record, we conclude that the court did not abuse its discretion by finding that the defendants were in wilful contempt of an order to terminate their unauthorized practice of law.

The judgment is affirmed.

In this opinion the other judges concurred.