*450 MEMORANDUM OF DECISION
JANE W. FREEMAN, Judge.
The Petitioner, Bethany Seidel, has petitioned the Court to authorize the distribution of per capita funds, from trust, to pay educational expenses of her two minor children, [Names Redacted] for the school year 2005—2000. The Mohegan Tribe of Indians of Connecticut (“Tribe”), Respondent, has filed an Answer indicating that it takes no position regarding the Petition.
The Court has jurisdiction of the parties and the subject matter. The Petitioner and the two minor children are members of the Tribe and the Respondent is the Tribe. The Court has subject matter jurisdiction pursuant to the Amended and Restated Ordinance of the Mohegan Tribe of Indians of Connecticut Establishing The Gaming Revenue Allocation Plan, Ordinance No. 2001-08, Section III.H.5., to authorize the trustee or trustees of trusts established for minor children Under M.T.0.2001-08 to make distributions to the parents or guardians of the trust beneficiaries, for the purposes and subject to the limitations set forth therein.
For the reasons hereafter stated, the Court holds that the Petitioner has not sustained her burden of showing, by a preponderance of the evidence, that the requested distributions from trust are necessary.
I. The Amended and Restated Ordinance of the Mohegan Tribe of Indians of Connecticut Establishing The Gaming Revenue Allocation Plan, Ordinance No. &001-08
An Indian Tribe which makes per capita payments to its members from class II net gaming revenues is required to have an approved tribal revenue allocation plan. 25 U.S.C. § 2710(b)(3)(A). The Tribe has adopted M.T.0.2001-08 to meet this statutory requirement. M.T.0.2001-08 makes provisions for the future welfare of minor tribal members while encouraging tribal member parents to pay for the immediate living needs of their children.
The tribe also retains the inherent sovereign right to determine the best interests of its minor tribal members by providing for their future welfare by contributing per capita benefits to grantor trusts owned by the Tribe to be invested, with income earned on trust principal to be accumulated, for future distribution to those minor tribal members. The Tribe shall provide for the future of minors while encouraging tribal member parents to provide for the immediate living needs of their children as is their responsibility. All assets accumulated in the grantor trusts for future distribution to a minor tribal member shall be distributed at such time as the minor reaches the age of eighteen (18) and not before, except in the limited extra,ordinary circumstances provided in Section III.F.5 [1] (emphasis added).
M.T.O. No.2001-08, Section I.
The limited extraordinary circumstances under which distributions may be made from trusts for the benefit of minor tribal members are as follows:
In order to provide for the future safety and well being of tribal children, per capita benefits intended for future distribution to qualified minor tribal members shall be contributed by the Tribal Coun *451 cil to one or more trusts which are grantor trusts owned by the Tribe for federal income tax purposes ...
Prior to the time the beneficiary reaches the age of eighteen (18), the Tribal Court may, after careful consideration of the facts, authorize the trustee or trustees of the trust or trusts to make distributions from the trust or trusts to the parents or guardians of the beneficiary only to defray unreimbursed medical expenses or only as necessary to defray expenses for health, education, or welfare incurred by or on behalf of the beneficiary as established by such parents or guardians. Any request for such disbursements shall include a detailed budget of monies necessary for essential living expenses to include health, education, or welfare costs and only upon presentment of a detailed justification for such essential living needs. The petitioning parent or guardian must show, by a preponderance of the evidence, that the amount requested to defray unreimbursed medical expenses or expenses for health, education or welfare, are reasonable ami necessary. The Tribal Court may also require that the petitioning parent or guardian submit receipts of expenditures made from funds disbursed hereunder before any future disbursements are made (emphasis added).
M.'['.0.2001-08, Section III.H.5.
The Tribal Council has expressed a clear intent in M.T.0.2001-08 to limit distributions from grantor trusts to extraordinary circumstances, where the amounts requested are reasonable and necessary. Further, the Tribal Court is limited to authorizing distributions from trust only where it has made a factual determination that the distributions are “necessary to defray expenses far health, education or 'welfare incurred by or on behalf of the beneficiary ...” M.T.0.2001-08, Section III.H.5. The phrase “extraordinary circumstances” and the terms “reasonable” and “necessary” are not defined in M.T.0.2001-08. To discern the meaning of a phrase, a court may look to the word’s ordinary meaning, Jagger v. Mohawk Mountain Ski Area, Inc., 269 Conn. 672, 682, 849 A.2d 813 (2004). To ascertain the commonly approved usage of words, it is appropriate to look to the dictionary definition of the terms. Id.
“Extraordinary circumstances” are “[a] highly unusual set of facts that are not commonly associated with a particular thing or event.” Black’s Law Dictionary, 7th Ed. “Extraordinary” has been defined as “going beyond what is usual, regular, common or customary ... exceptional to a very marked extent.” Webster’s Third New International Dictionary. “Reasonable” has been defined as “being or remaining within the bounds of reason: not extreme: not excessive”. Id. “Necessary” has been defined as “that cannot be done without: that must be done or had: absolutely required”. Id.
The petition must be considered in light of these definitions and the clear legislative intent to limit distributions to extraordinary circumstances where the amounts requested are reasonable and necessary.
II. The Petition and the Facts
The petitioning parent seeking a distribution from a grantor trust in order to defray educational expenses, must show, by a preponderance of the evidence, that the amount requested is reasonable and necessary. M.T.0.2001-08, Section III. H.5. The standard of proof of a fact by a preponderance of the evidence has been met when all the evidence, considered fairly and impartially, evinces a reasonable belief that it is more probable than not that the fact is true. State v. Haggood, 36 *452 Conn.App. 753, 653 A.2d 210, cert. denied, 233 Conn. 904, 657 A.2d 644 (1995). A hearing has been held by this Court to consider and determine the facts. In addition to considering the hearing testimony, the Court required the Petitioner to file copies of federal income tax returns for the past three years and to complete a court form entitled “Financial Disclosure Form—Petition For Distribution From Minor Child’s Trust” [2], all of which have been filed with the Court.[3]
The Petitioner has requested the Court to authorize the distribution of per capita funds, from trust, to defray the educational expenses of her two minor children for the school year 2005-2006 (“current year”). The petition indicates that the total tuition costs for the two minor children for the current year are $30,900.00. At the hearing before the Court, however, the Petitioner clarified that she was only seeking distributions in amounts sufficient to pay the unpaid balance of the school tuition costs for the current year. At the Court’s request, the Petitioner has filed statements from the Pine Point School, now attended by both of the minor children, showing all tuition payments made for the Petitioner’s two minor children and the balance due on each tuition account for the current year (Pleading # 109). The Court finds that: (1) the tuition for each minor child for the current year is $15,450.00; (2) $ 11,885.00[4] has been paid towards the current year’s tuition for [Name Redacat-ed], leaving a balance due of $3,565.00; (3) $7,775.00 has been paid towards the current year’s tuition for [Name Redacated], leaving a balance due of $7,675.00; (4) to date, the Petitioner and/or her spouse have paid a total sum of $9,660.00 towards the current year’s tuitions; and (5) $11,240.00 is the total unpaid tuition balance due for both minor children for the current year,
[Name Redacated] has previously been tested at the University of Connecticut Neag School of Education which concluded that her IQ tests placed her in the superi- or range and that she would thrive in an enriched learning environment. Her parents have concluded that Pine Point School has the ability to offer this learning environment. [Name Redacted] has benefited from the smaller classrooms at Pine Point as evidenced by the growth in her self confidence. The Petitioner’s father was a former assistant superintendent of schools and the Petitioner and her spouse place a high value on their daughters’ educations. In addition, the Petitioner and her spouse have encouraged and supported extensive extra-curricular activities for their daughters including, competitive skating, music lessons, karate and gymnastics. Participation in the competitive skating has required travel out of state. It is evident that the Petitioner and her spouse are dedicated to providing a superior education for their daughters and to supporting their extra-curricular activities. They have already committed substantial financial resources to both.
*453 Parents have a common law duty to support their minor children within the reasonable limits of their ability. Weisbaum v. Weisbaum, 2 Conn.App. 270, 272-73, 477 A.2d 690 (1984). The Tribe has recognized this obligation and provided that “[t]he Tribe shall provide for the future of minors while encouraging tribal member parents to provide for the immediate living needs of their children as is their responsibility.” (emphasis added) M.T.O.2001-08, Section I. Nothing herein is intended to suggest that the Petitioner and her spouse have not fulfilled their responsibility to provide for the support and immediate living needs of their children. The sole issue presented is whether the Petitioner has sustained her burden of proving, by a preponderance of the evidence, that the distributions requested are reasonable and necessary, and whether limited extraordinary circumstances exist to warrant such distributions.
The Court finds that no extraordinary circumstances exist to warrant the re-distributions from trust. The Petitioner and her spouse have made more than adequate provisions for the health, welfare and education of their daughters, They have provided for a well rounded environment and outstanding educational opportunities for their daughters. Although the two tuitions for the current year total $30,900.00, the existence of this expense, alone, does not constitute an extraordinary circumstance nor do any other extraordinary circumstances exist. The unpaid tuition balance due for the current year for both minor children is S11,240.00 and the Petitioner’s request for distribution has been limited to this amount. The Petitioner has not, however, sustained her burden of showing that the requested distributions totaling this amount are necessary. The Financial Disclosure Form filed by the Petitioner indicates that she and her spouse have liquid assets of $55,682.00 (bank accounts totaling $36,405.00[5] and stocks and bonds valued at $19,277.00); real estate equity totaling $297,538.00; and retirement assets valued at $157,090.00.[6] The liquid assets alone, are more than sufficient to pay the unpaid balance of the tuitions for the current year. In addition, the real estate equity and 401 K savings could be pledged as collateral for loans to finance educational expenses. While the income and expense section of the Financial Disbursement Form does show a modest monthly shortfall, the Court notes that some of the expenses are discretionary and are not monies necessary for essential living expenses (emphasis added). M.T.0.2001-08, Section III.H.5.
III. Conclusion
The grantor trusts established by the Tribe under M.T.0.2001-08 are intended to provide for the future welfare of minor tribal members, M.T.0.2001-08, Section I. The preservation of trust assets for the future of the two minor children is therefore paramount, and in the absence of exceptional circumstances, which do not exist in this case, no distributions from their trusts should be made. The current health, education and welfare expenses for the two minor children are well within the financial ability of their parents to meet, and therefore it is not necessary to distribute monies from their grantor trusts for the current year.
For the foregoing reasons, the Court denies the Petitioner’s request for distribution of per capita funds from trust, to *454 defray-..the 2005-2006 school year educational expenses for [Names Redacted].

. The extraordinary circumstances under which distributions may be made from grant- or trusts for the benefit of minor tribal members are in Section 1TI.H.5 not in Section IJI.K5.

. This Court form includes detailed information regarding assets and liabilities and income and expenses of the Petitioner’s household.

. The Court ordered that these documents be filed under seal. It should be noted that financial affidavits filed in connection with family matters in the Connecticut Superior Court are automatically sealed upon filing, with limited disclosure being made to judicial authorities, court personnel, parties to the proceedings and their attorneys. Connecticut Practice Book § 25-59A(h).

.Of this amount, $1,885 has been paid by [Name Redacted] parents and the sum of $10,000 has been paid by the Mohegan Tribal Scholarship Program (through a Gifted arid Talented Grant).

. Exclusive of a mortgage escrow account.

. 401 K plans of the Petitioner and her spouse total $146,405.00.