MEMORANDUM OF DECISION
FRANK MANFREDI, Judge.
The Petitioner, Jennifer L. Castaneda, has petitioned the Court to authorize distributions from the grantor trusts established by the Mohegan Tribe (“Tribe”) for the benefit of her three minor children, A.A.C., S.S.C. and H.M.C. The Tribe has contributed per capita benefits to these trusts for future distribution to minor Tribal members, in order to provide for their future safety and well being. MTC § 2~183(h), The Tribe has filed an Answer stating that it takes no position on the Petition.
The Court has jurisdiction of the parties. The Petitioner and the three minor children are members of the Tribe and the Tribe is a party to the proceeding. The Court also has subject matter jurisdiction pursuant to the Gaming Revenue Allocation Plan, MTC § 2-181, et. seq. (“Plan”). Under the Plan, the Court may authorize the trustee or trustees of trusts established for minor children to make distributions to the parents or guardians of the trust beneficiaries, for the purposes and *319 subject to the limitations set forth therein, MTC § 2-183(h)(4).
A Guardian Ad Litem (“GAL”) has been appointed to investigate and recommend to the Court whether the early disbursement requested meets the limited extraordinary circumstances outlined in the Plan [1] and if such a disbursement is ordered, then to recommend the manner in which funds should be disbursed.[2]
1. The Gaming Revenue Allocation Plan
As part of the Plan, the Tribe has made provisions for the future welfare of its minor tribal members by contributing their per capita benefits to grantor trusts owned by the Tribe “to be invested, with income on trust principal to be accumulated, for future distribution to those minor tribal members.” MTC § 2-181; Susan Wendy Meehan, In Re: C.M., 1 M.T.C.R 96, 8 Am. Tribal Law 227 (2009); Thomas Relisle, Jr., Petitioner, In Re: M.B. and C.B., 1 M.T.C.R 60, 7 Am. Tribal Law 343 (2008); Rebecca Cloutier, Petitioner, In Re: A.C., 1 M.T.C.R 50, 6 Am. Tribal Law 461 (2006); Scott Quidgeon, Petitioner, In Re: T.T. and T.T., 1 M.T.C.R 46, 6 Am. Tribal Law 456 (2006). The Plan provides that the Tribe shall provide for the future welfare of its minor tribal members, but tribal member parents are encouraged to pay for the immediate living needs of their children. MTC § 2-181. No distributions may be made from the grantor trusts until the minor is eighteen years old, except in limited extraordinary circumstances.
All assets accumulated in the grantor trusts for future distribution to a minor tribal member shall be distributed at such time as the Tribal Council deems appropriate but not before the minor reaches the age of eighteen (18), except in the limited extraordinary circumstances provided in Subsection 2-183(h)(5) (emphasis added).
MTC § 2-181.
The limited extraordinary circumstances under which distributions may be made from trusts for the benefit of minor tribal members are as follows:
Prior to the time the beneficiary reaches the age of eighteen (18), the Tribal Court may, after careful consideration of the facts, authorize the trustee or trustees of the trust or trusts to make distributions from the trust or trusts to the parents or guardians of the beneficiary only to defray unreimbursed medical expenses or only as necessary to defray expenses for health, education, or welfare incurred by or on behalf of the beneficiary as established by such parents or guardians. Any request for such disbursements shall include a detailed budget of monies necessary for essential living expenses to include health, education, or welfare costs and only upon presentment of a detailed justification for such essential living needs. The petitioning parent or guardian must show, by a preponderance of the evidence, that the amount requested to defray unreim-bursed medical expenses or expenses for health, education or welfare, are reasonable and necessary. The Tribal Court *320 may also require that the petitioning parent or guardian submit receipts of expenditures made from funds disbursed hereunder before any future disbursements are made (emphasis added).
MTC § 2—183(h)(4); see also Susan Wendy Meehan, In Re: C.M., 1 M.T.C.R 96, 8 Am. Tribal Law 227 (2009); Thomas Beli-sle, Jr., Petitioner, In Re: M.B. and C.B., 1 M.T.C.R 60, 7 Am. Tribal Law 343 (2008); Rebecca, Cloutier, In Re: A.C., 1 M.T.C.R 50, 6 Am. Tribal Law 461 (2006); Scott Quidgeon, Petitioner, In Re: T.T. and T.T., 1 M.T.C.R 46, 6 Am. Tribal Law 456 (2006).
The Tribal Council has expressed a clear intent in the Plan to limit distributions from grantor trusts to extraordinary circumstances, where the amounts requested are reasonable and necessary. Further, the Tribal Court is limited to authorizing distributions from trust only where it has made a factual determination that the distributions are “necessary to defray expenses for health, education or welfare incurred by or on behalf of the beneficiary ... ” MTC § 2—183(h)(4).
“Extraordinary circumstances” are “[a] highly unusual set of facts that are not commonly associated with a particular thing or event.” Black’s Law Dictionary, 7th Ed. “Extraordinary” has been defined as “going beyond what is usual, regular, common or customary ... exceptional to a very marked extent.” Webster’s Third New International Dictionary. “Reasonable” has been defined as “being or remaining within the bounds of reason: not extreme: not excessive”. Id. “Necessary” has been defined as “that cannot be done without: that must be done or had: absolutely required”. Id.
Susan Wendy Meehan, In Re: C.M., 1 M.T.C.R 96, 8 Am. Tribal Law 227 (2009); Thomas Belisle, Jr., Petitioner, In Re: M.B. and C.B., 1 M.T.C.R 60, 7 Am. Tribal Law 343 (2008); Rebecca Cloutier, Petitioner, In Re: A.C., 1 M.T.C.R 50, 6 Am. Tribal Law 461 (2006); Scott Quidgeon, Petitioner, In Re: T.T. and T.T., 1 M.T.C.R 46, 6 Am. Tribal Law 456 (2006).
2. The Petition and the Facts
The Petitioner has requested the Court to distribute a total of $21,000 ($7,000 from each child’s trust) (Ex. 6). The Petitioner states that the funds disbursed would be used for the sole purpose of purchasing a safe and reliable vehicle for transportation.
The Petitioner testified telephonically before this Court on December 10, 2010. She verified the facts alleged in her petition and additionally reviewed many of the exhibits she had forwarded to the Court, all of which were entered into evidence as full exhibits without objection.
Mrs. Castaneda stated that her husband is unemployed and had previously worked in trucking. Jobs for his skills are scarce in their area and he is going to school to enhance his prospects for future employment. She recently became employed at a law office some distance from her home and her job requires her to have a vehicle in order to carry out various tasks for her employer (Ex. 14).
Her five year old son [H.M.C.] attends pre-school and would be unable to attend if the family does not have a car because his parents must provide him transportation to and from the school.
Within the last month the family automobile, a 1993 Ford Explorer with 225,000 miles on it, has broken down, required towing and replacement of the battery and alternator (Ex. 8, 9, and 10). Based on photographs of the vehicle (Ex. 15A-D) and Mrs. Castaneda’s testimony it is clear that the vehicle is in very poor condition, being held together by a “punching bag” and is not only unreliable but dangerous.
*321 Petitioner’s financial records disclose that the income from her new job and her own Tribal distribution barely covers the family’s expenses. Her credit score and the local Ford dealer in Sarasota would require a 50% deposit in order to finance a vehicle (Ex. 13).
3. Conclusion
Under the facts of this case the Court finds that the Petitioner has met her burden to prove that the limited extraordinary circumstances set out in MTC Section 2-183(h)(4) exist and justify a distribution from the minors’ trusts. The Court finds that safe and reliable transportation is necessary for the general welfare of the children, particularly for [H.C.] who must be transported to his pre-school in the family automobile. The automobile currently used for all family transportation is not only unreliable but unsafe. See Thomas Belisle, Jr. Petitioner, In Re: M.B. and C.B., 1 M.T.C.R 60, 7 Am. Tribal Law 348 (2008). A distribution to assist the family in defraying the costs of a vehicle is a reasonable and necessary expense which may be incurred for the welfare of the children.
However, the Court is not convinced that the minors’ trusts should pay for the entire cost of a new family vehicle and will only order distribution sufficient to cover the deposit necessary to procure a vehicle which is safe and reliable. The Court therefore directs the Petitioner to provide the Court with documentation for the purchase of a vehicle which the Court will review and if satisfied will then order a distribution sufficient to cover the down payment on such a vehicle payable to the seller of the vehicle.

. Tribal Resolution No.2008-26 provides in part, as follows: “... the Tribal Council hereby directs that a Guardian Ad Litem, at the expense of the Tribe, shall be appointed for the minor tribal children in any matter in which their parents or guardians petition the Tribal Court for an early distribution from their per capita trust.”

. Tribal Resolution No.2008-36 provides in part, as follows: ”... if the Tribal Court orders an early distribution from a minor's per capita the Guardian Ad Litem shall make a recommendation to the Mohegan Tribal Court regarding the manner in which the funds be disbursed.”