*14 MEMORANDUM OF DECISION
PAUL M. GUERNSEY, Chief Judge.
The Petitioner, Linda Baker, has asked the Court to authorize distributions from the grantor trusts established by the Mohegan Tribe (“Tribe”) for the benefit of the minor child, T.B.G., an enrolled member of the Tribe through his father, Robert Baker. The Tribe contributes or has in the past contributed per capita benefits to these trusts for future distribution to minor Tribal members in order to provide for their future safety and well being. MTC § 2-183(h). The Tribe has filed an Answer stating that it takes no position on the Petition.
The Tribal Court has jurisdiction over the parties and has subject matter jurisdiction pursuant to the Gaming Revenue Allocation Plan, MTC § 2-181, et seq. (“Plan”). Under the Plan, the Tribal Court may authorize the trustee or trustees of trusts established for minor children to make distributions to the parents or guardians of the trust beneficiaries, for the purposes and subject to the limitations set forth therein. MTC § 2—183(h)(4).
I. The Gaming Revenue Allocation Plan
As part of the Plan, the Tribe has made provisions for the future welfare of its minor tribal members by contributing their per capita benefits to grantor trusts owned by the Tribe “to be invested, with income earned on trust principal to be accumulated, for future distribution to those minor tribal members.” MTC § 2-181; See Rebecca Cloutier, Petitioner, In Re: A.C., 1 M.T.C.R. 50, 6 Am. Tribal Law 461 (2006); Scott Quidgeon, Petitioner, In Re: T.T. and T.T., 1 M.T.C.R. 46, 6 Am. Tribal Law 456 (2006). The Plan provides that the Tribe shall provide for the future welfare of its minor tribal members, but tribal member parents are encouraged to pay for the immediate living needs of their children. MTC § 2-181. No distributions may be made from the grantor trusts until the minor is eighteen years old, except in “limited extraordinary circumstances[1]
All assets accumulated in the grantor trusts for future distribution to a minor Tribal member shall be distributed at such time as the Tribal Council deems appropriate but not before the minor reaches the age of eighteen (18), except in the limited extraordinary circumstances provided in Subsection 2-183(h)(4).
(emphasis added). MTC § 2-181.
The limited extraordinary circumstances under which distributions may be made from trusts for the benefit of minor tribal members are as defined as follows:
Prior to the time the beneficiary reaches the age of eighteen (18), the Tribal Court may, after careful consideration of the facts, authorize the trustee or trustees of the trust or trusts to make distributions from the trust or trusts to the parents or guardians of the beneficiary only to defray unreimbursed medical expenses or only as necessary to defray expenses for health, education, or welfare incurred by or on behalf of the beneficiary as established by such parents or guardians. Any request for such *15 disbursements shall include a detailed budget of monies necessary for essential living expenses to include health, education, or welfare costs and only upon presentment of a detailed justification for such essential living needs. The petitioning parent or guardian must show, by a preponderance of the evidence, that the amount requested to defray unreim-bursed medical expenses or expenses for health, education or welfare, are reasonable and necessary. The Tribal Court may also require that the petitioning parent or guardian submit receipts of expenditures made from funds disbursed hereunder before any future disbursements are made.
MTC § 2—183(h)(4).
Through the Plan the Tribal Council has expressed a clear intent to limit distributions from grantor trusts to extraordinary circumstances where the amounts requested are reasonable and necessary for the welfare of the minor beneficiary. Prior to authorizing any such distribution, the Tribal Court must make a factual determination that the distributions are “necessary to defray expenses for health, education or welfare incurred by or on behalf of the beneficiary ...” MTC § 2—183(h)(4).
II. Factual Basis of The Petition and Recommendation of Guardian Ad Litem
The Petitioner has requested the Court to distribute a total of $35,000.00 from the minor’s trust for two purposes: to put an end to the foreclosure of the family home by paying off the mortgage thereon which is in default, and to prevent the repossession of the family vehicle, which is subject to a lien in favor of the same creditor that holds the mortgage on the family home.
Petitioner and the minor child’s father are married but separated, and the child’s father, a member of The Mohegan Tribe, is reportedly hostile towards not only Petitioner but also his son. Title to the family home is jointly held by Petitioner and the child’s father. Whereas Petitioner is willing to place title to the family home in the minor child’s name (through a trust) in the event the minor child’s trust funds are used to pay off the mortgage, the child’s father is not willing to do so.
Petitioner is disabled and is awaiting a decision on her application for social security disability benefits. Estimates of the amount of any lump sum payable in the event the application is granted vary. Without such an award, Petitioner does not have the means to commence dissolution of marriage proceedings. The Guardian Ad Litem[2] has recommended that, rather than use the minor child’s trust fund to pay off a mortgage loan which would actually benefit his hostile father, the Tribal Court order the early distribution of sufficient funds to commence and prosecute the dissolution action, with a view to securing therein title to the property solely in Petitioner’s name, which would then allow the property be placed in trust for the minor child if his trust funds are used to discharge the mortgage indebtedness.[3] The estimate of funds necessary *16 for the commencement and prosecution of the dissolution action is $3,993.70.
While the Court is not necessarily in agreement with the Guardian’s view that the ultimate solution to this family’s financial difficulties is the use of the minor child’s trust funds to pay off both the mortgage debt and the vehicle loan, it has been established by a preponderance of the evidence that the present situation is untenable, unstable, and directly at odds with the welfare of the minor child. His father has been shown to be actively hostile towards him[4] and has shown no interest in cooperation to avoid foreclosure on the family home.[5] As matters now stand, the father’s one-half interest in the family home and payment of only nominal support[6] frustrate any attempt to render a secure home for the minor child.[7]
Without information as to the social security disability monthly payments and lump sum award, if the same are in fact awarded, no judgment can be made as to whether the minor child’s trust fund should be used to pay off the home mortgage and vehicle loan. It is clear, however, that straightening out the issue of home ownership and the establishment of proper support orders are necessary for the welfare of the minor child. None of this may be accomplished without the institution of dissolution of marriage proceedings.
It should be stressed that this petition presents an unusual factual situation. The Court is in agreement with the Guardian Ad Litem that allowing the minor child to remain in his home, and be provided with transportation for necessary medical treatment, clearly contributes to the welfare of the minor child as contemplated by MTC § 2-183(h)(4), but the joint ownership of the home by Petitioner and a person hostile to the minor child presents the risk that any direct payment to the mortgagee might not secure the benefit of such payment for the child.[8] While it is quite unusual to authorize a distribution from a minor child’s trust to an attorney in order to commence dissolution of marriage proceedings, the Court is in agreement with this portion of the recommendations of the Guardian Ad Litem.[9] It should also be emphasized that the Tribe, in taking no position, has not raised any objection to this recommendation.
*17 III. Finding of Facts
1. The Petitioner is the guardian of T.B.G., a minor child and the beneficiary of a trust established pursuant to MTC § 2-183(h).
2. The distribution proposed by the Guardian Ad Litem to Attorney Susan D. Williams is necessary to defray expenses for the welfare of the minor beneficiary.
3. The Guardian Ad Litem has submitted a detailed statement from Attorney Susan D. Williams for the commencement and prosecution of an action for dissolution of the marriage between Petitioner and Robert Baker.
4. Said action for dissolution of marriage is reasonable and necessary for the welfare of T.B.G.
5. The foregoing constitute limited extraordinary circumstances so as to justify the requested distribution from the Minor child’s trust.
6. It is necessary that this petition shall remain on the docket of the Tribal Court pending further developments with respect to Petitioner’s application for social security disability benefits and the progress of the action for dissolution of marriage.
ORDER
The Trustee or Trustees of the Grantor Trust(s) established pursuant to MTC § 2-183(h) are hereby authorized to make a distribution from the trust established for the benefit of T.B.G. an amount sufficient to yield a net distribution, after appropriate withholding for federal and State income tax, of $4,000.00.
Said net distribution shall be paid without delay to the following:
Susan D, Williams, P.C.
P.O. Box 585
Watonga, OK 73772

. "Extraordinary circumstances” are ‘‘[a] highly unusual set of facts that are not commonly associated with a particular thing or event.” Black’s Law Dictionary, 7th Ed. “Extraordinary" has been defined as "going beyond what is usual, regular, common or customary .. . exceptional to a very marked extent.” Webster's Third New International Dictionary. "Reasonable” has been defined as "being or remaining within the bounds of reason: not extreme: not excessive”. Id. "Necessary” has been defined as “that cannot be done without: that must be done or had: absolutely required”. Id.

. Pursuant to Tribal Resolution No. 2012-36, as amended, and MRCP § 6B(b), Michael Miller was appointed Guardian Ad Litem to conduct such investigation as was warranted and to file with the Clerk of the Mohegan Tribal Court a report thereof and recommendations as set forth in MRCP § 6B(b)(l)b. The report so filed has been placed under seal by the Clerk and has been reviewed by the Court.

. The Guardian Ad Litem reported to the Court that he had been advised by two Oklahoma attorneys that transfer of title could be done in a dissolution action pendent lite.

. The Guardian’s Supplemental Report dated June 21, 2012 contains evidence of conduct by the father following the filing of this petition that indicates the father may have what the Guardian terms a malicious attitude towards his son.

. See Guardian’s Supplemental Report dated June 21, 2012 Paragraph 5.

. The Guardian Ad Litem reports that the Petitioner receives $362.07 per month support from the father.

. It is manifest that having a roof over one's head is one of the necessities of life, Reuther v. Fidelity Union Trust Co., 15 Backes 81, 116 N.J.Eq. 81, 172 A. 386 (1934), and that having a family home is essential to the welfare of the Tribal child in this case.

. The Court is unwilling to risk committing $35,000.00, or 41% of the minor child's trust, to payment of the outstanding balance of the loans on the home and vehicle in the hope that eventual dissolution proceedings would result in the transfer of the home to the Petitioner and that the Petitioner would thereafter execute the necessary documents to protect the interest of the minor child and his investment.

. The remainder of the Guardian Ad Litem’s recommendation concerning discharge of the two loans from the minor child’s trust will be ruled upon only after further information concerning Petitioner’s social security disability benefits is received and the option of bringing the loans current, as opposed to payment in full, is considered.