BRINDA MILLER *v.* ROBERT C. MILLER
(AC 30794)

Harper, Beach and Robinson, Js.

Argued March 17—officially released September 21, 2010

*Adam A. Laben,* with whom was *Denise Ansell,* for the appellant (plaintiff).

*Sarah C. Saunders,* for the appellee (defendant).

*Opinion*

HARPER, J. The plaintiff, Brinda Miller, appeals from the judgment of the trial court denying her motion to recover attorney's fees from the defendant, Robert C. Miller, that she incurred incident to a contempt proceeding. The plaintiff claims that she is entitled to attorney's fees pursuant to the separation agreement that was incorporated into the judgment dissolving the parties' marriage and that the court's denial of her motion for such fees, therefore, was improper. Because we conclude that the plaintiff has failed to provide this court with an adequate record to review this claim, we affirm the judgment of the trial court.

The following facts and procedural history are relevant to the plaintiff's appeal. The parties were divorced

on April 26, 2007. Their separation agreement was incorporated into the judgment of dissolution. Pursuant to the separation agreement, the defendant was required to make weekly alimony payments to the plaintiff. Alimony was to terminate, however, if the plaintiff began cohabiting with another individual. Article 11 of the separation agreement provides that in the event of a default in the performance of the agreement, the nondefaulting party is entitled to recover from the defaulting party any reasonable attorney's fees and costs incurred by reason of the default.

Believing that the plaintiff had been cohabiting with another individual, the defendant withheld alimony payments for a period of two months, prompting the plaintiff to file a motion for contempt for failure to pay alimony. The defendant also filed a "motion for contempt, modification and termination," alleging that the plaintiff had violated the separation agreement by failing to notify him that she had been cohabiting with another individual. In its ruling on the contempt motions, filed January 2, 2009, the court found that the defendant had failed to establish that the plaintiff had been cohabiting with another individual. The court did not find the defendant in contempt, however, because the court concluded that his actions did not constitute a wilful violation of the court's order. In this regard, the court found that although he was mistaken in his belief that the plaintiff was cohabiting, the defendant, nonetheless, honestly believed that he was no longer required to make alimony payments. In its ruling on the contempt motions, the court also held that "[i]n light of the foregoing rulings, no attorney's fees or costs are awarded to either party for proceedings to date." The court did not make any findings regarding whether the defendant's nonpayment of alimony constituted a default of his obligations under the separation

agreement, thereby giving rise to an obligation to pay attorney's fees.

On December 31, 2008, the plaintiff filed a "motion for articulation and/or reconsideration," asking the court to articulate its decision regarding its denial of attorney's fees or, in the alternative, to reconsider that decision. On January 9, 2009, the plaintiff filed a motion for counsel fees, arguing that she was entitled to attorney's fees pursuant to article 11 of the separation agreement. After a hearing on the motions, the court denied the plaintiff's motion for attorney's fees.[1] Again, the court did not articulate its reason for denying attorney's fees or make any clear finding as to whether the defendant's nonpayment of alimony constituted a default of his obligations under the separation agreement. Thereafter, the plaintiff filed the present appeal.

The sole issue on appeal is whether the court improperly denied the plaintiff's motion for attorney's fees pursuant to the terms of the separation agreement. The plaintiff claims that the defendant defaulted under the separation agreement when he withheld alimony and that she, therefore, is entitled to attorney's fees pursuant to article 11 of the separation agreement. We decline to review this claim, however, as the record is inadequate.

On the basis of our review of the record, it is clear that the court did not articulate its reason for denying attorney's fees and, specifically, did not make a finding as to whether the defendant had defaulted on his obligations under the separation agreement. The plaintiff asks us to assume that the court found that the defendant was in default of his obligations under the separation

---

[1] It appears from the transcript of the October 14, 2008 hearing that the court was considering both the plaintiff's motion for articulation or reconsideration and the motion for counsel fees. It does not appear, however, that the court ever ruled on the motion for articulation or reconsideration.

agreement despite the fact that the court did not hold him in contempt, award her attorney's fees or make any explicit finding as to whether his actions constituted a violation of the separation agreement.

This court is unable to review claims that were not expressly addressed by the trial court. See *Crest Pontiac Cadillac, Inc.* v. *Hadley*, 239 Conn. 437, 444 n.10, 685 A.2d 670 (1996) (claims neither addressed nor decided by trial court not properly before reviewing court). Here, there is no indication in the court's decision that it considered the distinct issue underlying this appeal; consequently, the record is devoid of the factual and legal analysis necessary for appellate review. Faced with an inadequate record, it was incumbent on the plaintiff to file a motion for articulation after filing this appeal.[2] See Practice Book § 66-5; *Brycki* v. *Brycki*, 91 Conn. App. 579, 593–94, 881 A.2d 1056 (2005). She failed to do so. "It is well established that [i]t is the appellant's burden to provide an adequate record for review. . . . It is, therefore, the responsibility of the appellant to move for an articulation or rectification of the record [when] the trial court has failed to state the basis of a decision . . . to clarify the legal basis of a ruling . . . *or to ask the trial judge to rule on an overlooked matter.*" (Emphasis added; internal quotation marks omitted.) *Mickey* v. *Mickey*, 292 Conn. 597, 609, 974 A.2d 641 (2009). "Because it is the . . . appellant's responsibility to provide this court with an adequate record for review . . . we will not remand a case to correct a deficiency the . . . appellant should have remedied."

---

[2] We note that on December 31, 2008, the plaintiff filed a motion with the trial court that she entitled a "motion for articulation and/or reconsideration." The plaintiff did not, however, file a motion for articulation pursuant to Practice Book § 66-5. As this court previously has explained, a motion for articulation pursuant to Practice Book § 66-5 properly is filed after the filing of the appeal. *Brycki* v. *Brycki*, 91 Conn. App. 579, 593–94, 881 A.2d 1056 (2005). The plaintiff filed this appeal on February 13, 2009, and did not subsequently file any motion for articulation.

(Internal quotation marks omitted.) *Phillips* v. *Phillips*, 101 Conn. App. 65, 72 n.1, 922 A.2d 1100 (2007). The record in this case is inadequate for review as the court did not articulate a reason for denying attorney's fees and did not set forth any decision related to whether the defendant was in default of his obligations under the separation agreement. Thus, because the plaintiff has not provided us with an adequate record for review, her claim must fail. See *Holmes* v. *Holmes*, 32 Conn. App. 317, 323, 629 A.2d 1137, cert. denied, 228 Conn. 902, 634 A.2d 295 (1993).

The judgment is affirmed.

In this opinion the other judges concurred.