# DEBORAH SANTORO *v.* GLENN SANTORO
## (AC 32634)

Lavine, Robinson and Flynn Js.

Argued September 7—officially released November 8, 2011

*Christopher P. Norris*, with whom, on the brief, was *William R. Donaldson*, for the appellant (plaintiff).

*Deborah L. Grover*, for the appellee (defendant).

*Opinion*

ROBINSON, J. The plaintiff, Deborah Santoro, appeals from the judgment of the trial court denying her motion for order, in which she requested that the court set off her payment obligations to the defendant, Glenn Santoro, due to his alleged improper business solicitation in violation of the court's order. On appeal, the plaintiff claims that the court improperly denied her motion for order because the defendant violated the court's order by soliciting and selling insurance in the Danbury area to (1) North Street Properties, LLC, (2) DGS Realty, LLC, and (3) himself. We disagree and, accordingly, affirm the judgment of the trial court.

The following facts and procedural history are relevant to the resolution of the plaintiff's claims. The plaintiff sought dissolution of her marriage to the defendant by a complaint filed on February 2, 2007. A trial was held to resolve the parties' custody and financial issues. During the trial, there was a substantial disagreement between the parties based on the disposition of All Risk, Inc., an insurance agency business that the couple owned during their marriage. After completion of the trial, the court dissolved the marriage between the plaintiff and the defendant on February 18, 2009. The court issued an order awarding the plaintiff sole ownership of the insurance agency business. In return, the court ordered the plaintiff to execute a promissory note in favor of the defendant in the amount of $255,000, paid quarterly in installments of $9107.14, on an amortized basis over seven years.[1]

In its memorandum of decision, the trial court found that both the plaintiff and the defendant were "skilled in the insurance industry" and that, if the defendant competed with All Risk, Inc., it would diminish the value of the company "in the range of 80 to 90 percent . . . ." The court decided, however, not to issue a noncompete or a nonsolicitation order. Instead, the court ordered that the promissory note was to include a provision that stated, "if in the next fifteen months from the date of these orders, the defendant shall, on his own, or working for a company, solicit business to sell insurance to any individual or business within Danbury or any contiguous town or city, then the plaintiff shall be entitled to a setoff of no more than five quarters of payments from her obligations under this paragraph, plus reasonable attorney's fees. The right of setoff shall exist for only those quarters in which the defendant has, on his own, or working for a company, solicited

---

[1] The original order provided the amount paid to be $9017.14. It appears, however, that this amount was subsequently corrected to $9107.14.

business to sell insurance to any individual or business within Danbury or any contiguous town or city."

On April 12, 2010, the plaintiff filed a motion for order, alleging that the defendant had violated the court's February 18, 2009 order by soliciting to sell insurance within Danbury or any contiguous town or city. Due to this alleged violation, the plaintiff sought relief from making at least one payment of $9107.14 to the defendant, along with attorney's fees.

On July 21, 2010, a hearing was held on the motion. At the hearing, the defendant testified that he owned 50 percent of North Street Properties, LLC, and that Don Longo and Linda Longo owned the other 50 percent. The defendant admitted that, on April 11, 2009, he sold insurance to North Street Properties, LLC, despite the fact that the order prohibited him from soliciting business to sell insurance in the Danbury area during that period of time.[2] The defendant testified that the business is registered with the secretary of the state as a Ridgefield business[3] and that the Longos reside in Redding, both of which towns are contiguous to Danbury.

The defendant further testified that, on April 6, 2009, he sold an insurance policy to DGS Realty, LLC, which

[2] We note that at the July 21, 2010 hearing, the plaintiff's attorney questioned the defendant concerning his alleged violation of the court's February 18, 2009 order. The plaintiff's attorney asked the defendant if he had sold insurance to North Street Properties, LLC, "during the period of time you weren't allowed to sell it to any business or individual in Danbury or any attached town without penalty, correct?" The plaintiff responded that this was correct. We note that the inquiring attorney used the term "sell" instead of the phrase "solicit business to sell" as used in the court's February 18, 2009 order, and, as such, we do not construe the defendant's response to be an admission that he violated the court's order.

[3] The plaintiff's exhibit 1 from the July 21, 2010 hearing lists the dwelling insured by North Street Properties, LLC, as located in Danbury and lists the company's post office box as located in Bethel.

is located in Danbury.[4] The defendant testified that he is the sole owner of DGS Realty, LLC. The defendant admitted that he sold this policy during the period in which the order prohibited him from soliciting business to sell insurance in the Danbury area. See footnote 2 of this opinion.

In addition, the defendant testified that he sold insurance to himself within the period of time provided under the order. See id. The defendant admitted that, in September, 2009, he sold automobile insurance to himself to cover his "classic cars" located at his residence in Ridgefield.

At the conclusion of the hearing, the court denied the motion for order. The court stated, "[t]he court is not finding the . . . [defendant's] placing his own businesses and cars under his own insurance company to be in . . . violation of that order." In response to the plaintiff's assertion that the order prohibits soliciting to sell to any business or individual, the court responded, "[s]o, it states and it's clearly got to be taken within some reasonable intent on the part of the court. The court does not find that it was the intent of the order that [the defendant] be barred from providing his own insurance through his own company."

On August 10, 2010, the plaintiff filed a motion to reargue the motion for order. The court denied the motion on August 16, 2010. This appeal followed.

The plaintiff claims that the court improperly denied her motion for order because the defendant solicited and sold insurance to North Street Properties, LLC, DGS Realty, LLC, and to himself in violation of the court's February 18, 2009 order. The plaintiff asserts that in denying her claim, the trial court "carved out

---

[4] The Plaintiff's exhibit 2 from the July 21, 2010 hearing lists the post office box of DGS Realty, LLC, as located in Bethel; however, the location of the insured building is listed as Danbury.

an exception" to the underlying order. We disagree and address each claim in turn.

I

The plaintiff first asserts that the trial court erred when it denied her motion for order determining that she was not entitled to a setoff of quarterly payments on her note payable to the defendant because he "solicit[ed] business to sell" insurance to North Street Properties, LLC. The plaintiff argues that the business, although 50 percent owned by the defendant, is located within the Danbury area and, as a result, falls within the scope of the court's order. The plaintiff argues that the order does not provide for an exception in situations in which the defendant has a partial interest in the business.

We first set forth the relevant standard of review. "Because [t]he construction of [an order or] judgment is a question of law for the court . . . our review . . . is plenary. As a general rule, [orders and] judgments are to be construed in the same fashion as other written instruments. . . . The determinative factor is the intention of the court as gathered from all parts of the [order or] judgment. . . . The interpretation of [an order or] judgment may involve the circumstances surrounding [its] making. . . . Effect must be given to that which is clearly implied as well as to that which is expressed. . . . The [order or] judgment should admit of a consistent construction as a whole." (Internal quotation marks omitted.) *Bauer* v. *Bauer*, 130 Conn. App. 185, 189, 21 A.3d 964 (2011).

As a preliminary matter, we note that the record does not contain either a written memorandum of decision or a transcribed copy of an oral decision signed by the trial court stating its reasons for denying the plaintiff's motion for order. See Practice Book § 64-1. "It is well established that [i]t is the appellant's burden to provide

an adequate record for review." (Internal quotation marks omitted.) *Miller* v. *Miller*, 124 Conn. App. 36, 40, 3 A.3d 1018 (2010). "In cases in which the requirements of Practice Book § 64-1 have not been followed, this court has declined to review the claims raised on appeal due to the lack of an adequate record." *State* v. *Brunette*, 92 Conn. App. 440, 446, 886 A.2d 427 (2005), cert. denied, 277 Conn. 902, 891 A.2d 2 (2006). This court has held, however, that despite an inadequate record, such claims may be reviewed if the certified transcript provides the basis of the trial court's decision. *State* v. *Olson*, 115 Conn. App. 806, 809 n.2, 973 A.2d 1284 (2009). Furthermore, on claims involving questions of law, the court's review is plenary, and "the precise legal analysis undertaken by the trial court is not essential to the reviewing court's consideration of the issue on appeal." (Internal quotation marks omitted.) *Niehaus* v. *Cowles Business Media, Inc.*, 263 Conn. 178, 184, 819 A.2d 765 (2003).

Due to the fact that the issues presented are questions of law, and the unsigned certified transcript provides an adequate basis for the trial court's decision, the plaintiff's failure to comply with the requirements of Practice Book § 64-1 does not hamper our ability to review her claim.

The trial court found that the defendant's "placing his own businesses" under his own insurance company was not a violation of the order. That finding applies to North Street Properties, LLC, which is 50 percent owned by the defendant. Because we have plenary review in construing the language of the court order, we are not precluded from considering alternative grounds for affirmance when we do not agree with the court's interpretation. See *State* v. *Salmond*, 69 Conn. App. 81, 91, 797 A.2d 1113, cert. denied, 260 Conn. 929, 798 A.2d 973 (2002).

We begin our analysis with the text of the order. The order provides: "if in the next fifteen months from the

date of these orders, the defendant shall, on his own, or working for a company, *solicit business to sell insurance to any individual or business within Danbury or any contiguous town or city*, then the plaintiff shall be entitled to a setoff of no more than five quarters of payment from her obligations under this paragraph, plus reasonable attorney's fees." (Emphasis added.) In drafting the order, the trial court chose to use the term "solicit" when attempting to limit the defendant's insurance sales. Thus, our analysis involves examining this term in the context of the underlying facts. "To ascertain the commonly approved usage of a word, it is appropriate to look to the dictionary definition of the term." (Internal quotation marks omitted.) *Buell Industries, Inc.* v. *Greater New York Mutual Ins. Co.*, 259 Conn. 527, 539, 791 A.2d 489 (2002). The definition of the term solicitation is "[t]he act or an instance of requesting or seeking to obtain something; a request or petition . . . ." Black's Law Dictionary (9th Ed. 2009) p. 1520.

On the basis of our review of the transcript, although the trial court was presented with evidence that the defendant sold insurance to North Street Properties, LLC, the plaintiff did not present any evidence to the trial court that the defendant "solicit[ed]" North Street Properties, LLC, for the purpose of selling insurance to the business. We are not convinced by the plaintiff's argument that the mere fact of a sale proves that there was a solicitation for that sale.

We note that what the order prohibits is the defendant's requesting, importuning or entreating a certain geographic class of customers to buy insurance from him. It does not, however, prohibit those same customers from seeking or importuning the defendant to write them insurance policies.

When bringing a motion seeking relief for an opposing party's violation of an order, the plaintiff has the burden

of demonstrating, "the existence of a court order and noncompliance with that order." See *Statewide Grievance Committee* v. *Zadora*, 62 Conn. App. 828, 832, 772 A.2d 681 (2001).[5] Because the plaintiff did not meet her burden of production and proof as to the issue of solicitation before the trial court, we conclude that the plaintiff has not demonstrated that the trial court erred in determining that the defendant did not violate the February 18, 2009 order.

## II

The plaintiff next asserts that the trial court erred when it denied the plaintiff's motion for order for the sale of insurance to DGS Realty, LLC. The plaintiff contends that although the business is wholly owned by the defendant, it is still a business located in the Danbury area and, thus, falls under the scope of the court order. We disagree.

At the hearing on the motion for order on July 21, 2010, the trial court determined that it was not "the intent of the order that [the defendant] be barred from providing his own insurance through his own company." On the basis of our review of the court's February 18, 2009 order, we agree with the trial court's conclusion. The court intended the February 18, 2009 order to protect the plaintiff from the defendant's competition with All Risk, Inc., as the defendant's competition could devalue the business by as much as 80 to 90 percent. Although the court declined to issue a noncompete or a nonsolicitation order, the court was attempting to use the promissory note in a fashion similar to those orders.

---

[5] We recognize that *Zadora* stands for the proposition that the movant has this burden in a civil contempt proceeding. We have determined, however, that the motion for order in the present case is analogous to a contempt proceeding, because in both instances the court is construing an underlying order to determine if there has been a violation. The only difference between the two motions is that in the present case, the remedy for a violation has been predetermined by the court.

It is apparent that the order was implemented to protect the plaintiff from losing current or potential clients through the actions of the defendant and not simply to prevent the defendant from selling insurance to a personally owned business. The purpose of the order, which is to protect the plaintiff from the defendant's competition, was not impaired by the defendant's actions.

Furthermore, this court simply cannot ignore the trial court's use of the phrase "solicit business to sell" in the February 18, 2009 order. It is undisputed that the defendant sold insurance to DGS Realty, LLC. In rendering the February 18, 2009 order, however, the court chose the phrase "solicit business to sell," which demonstrates an intention to require the defendant to take some type of action in an attempt to solicit the sale of insurance. Although a limited liability company is a separate business entity and, thus, is considered separate from the defendant, the defendant was the sole owner of this business, with full authority to make decisions. As the decision maker, the defendant could not solicit himself in order to sell insurance to the company. The court easily could have restricted the defendant from selling insurance to himself by implementing specific language in the order, but it chose not to. On the basis of our examination of the language of the order and the circumstances surrounding its making, we conclude that the court did not intend to prevent the defendant from selling insurance to a company he solely owned. Therefore, we find no error.

III

The plaintiff next asserts that the court erred when it denied her motion for order for the sale of insurance to the defendant to cover his "classic cars." The plaintiff contends that the order covers the sale of insurance to any individual or business located within the Danbury

area, that the defendant is an individual within that vicinity and, as a result, is covered under the order. We disagree.

As detailed previously, the court intended the order to protect the plaintiff from losing current or potential clients to the defendant, not to prevent the defendant from selling insurance to himself. Furthermore, the court's use of the term "solicit" in the order indicates that the order was not intended to apply in this type of situation. The defendant, as the owner of the classic cars, is the one who decides what type of insurance, and from whom, he may wish to purchase. In order to make such a decision, as already noted, he cannot engage in the act of soliciting—that is requesting or seeking to obtain something—when he is the one who is both selling and making the decision to purchase the insurance in question. Thus, through the use of the phrase "solicit business to sell," the court did not intend the February 18, 2009 order to prevent the defendant from selling insurance to himself personally. Therefore, the court finds no error.

The judgment is affirmed.

In this opinion the other judges concurred.