******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

CATHIE PISHAL *v.* VICTOR PISHAL
(AC 43613)

Prescott, Suarez and Bishop, Js.

*Syllabus*

The defendant, whose marriage to the plaintiff previously had been dissolved, appealed to this court from the judgment of the trial court denying his motion to modify his alimony obligation. In his motion, the defendant alleged that his alimony obligation should be terminated on the basis of the plaintiff's cohabitation with a third party, or that his alimony obligation should be modified on the basis of a substantial change in his financial circumstances, as his current income was less than his income at the time of the dissolution as a result of his recent loss of employment. The court denied the defendant's motion in an oral ruling at the conclusion of a hearing on that motion. *Held*:

1. The defendant could not prevail on his claim that the trial court improperly relied on a certain rule of practice (§ 15-8), which applied to civil actions and not to family matters, in denying his motion to modify his alimony obligation: the defendant failed to demonstrate that the trial court, in fact, relied on Practice Book § 15-8, as the plaintiff did not make a motion for judgment of dismissal under § 15-8 and the court did not dismiss the defendant's motion or refer to § 15-8 in its decision; moreover, the court's statement that the defendant had not proven a prima facie case of either cohabitation or a substantial change in circumstances reasonably could be interpreted to mean that, in its role as fact finder, the court had evaluated the totality of the evidence and did not find the relevant factual issues in the defendant's favor.

2. This court declined to review the defendant's remaining claims, namely, that the trial court improperly weighed the evidence and abused its discretion in declining to terminate or to modify the defendant's alimony obligation, the defendant having failed to provide an adequate record for review as required pursuant to the applicable rule of practice (§ 61-10): the record did not contain a proper statement of the court's decision, as the court did not file a memorandum of decision setting forth its reasoning in denying the motion and the defendant did not take steps to obtain a transcribed copy of the decision signed by the trial court; moreover, although the record included the certified transcript, this court could not identify in the transcript the trial court's factual or legal bases for denying the defendant's motion, and the defendant failed to seek an articulation of the court's oral decision.

Argued January 10—officially released May 24, 2022

*Procedural History*

Action for the dissolution of marriage, and for other relief, brought to the Superior Court in the judicial district of Ansonia-Milford, where the court, *Turner, J.*, rendered judgment dissolving the marriage and granting certain other relief; thereafter, the court, *Gould, J.*, denied the defendant's motion to modify alimony, and the defendant appealed to this court. *Affirmed*.

*Leslie I. Jennings-Lax*, with whom was *Marissa B. Hernandez*, for the appellant (defendant).

*Christine M. Gonillo*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. In this postdissolution action, the defendant, Victor Pishal, appeals from the judgment of the trial court denying his motion to modify his alimony payments to the plaintiff, Cathie Pishal. The defendant claims that (1) the court improperly relied on Practice Book § 15-8, which applies to civil actions and not family matters, in concluding that he did not establish a prima facie case; (2) even if the court properly relied on § 15-8, it nonetheless improperly weighed the evidence and failed to properly consider whether he had presented sufficient evidence to establish a prima facie case; (3) the court abused its discretion in concluding that he was not entitled to the termination of his alimony obligation because the plaintiff was cohabitating with a third party; and (4) the court abused its discretion in concluding that he was not entitled to a modification of his alimony obligation because of a substantial change in his financial circumstances. We affirm the judgment of the court.

The following procedural history is relevant to this appeal. On November 9, 2006, the court, *Turner, J.*, dissolved the marriage of the parties. The court, in its judgment, incorporated by reference a written separation agreement entered into by the parties. Section 3 of the agreement states in relevant part: "The [defendant] shall pay to the [plaintiff] alimony in the amount of $100 per week for a period of twenty (20) years. Said amount shall be modifiable upon motion submitted to the Superior Court if there is a substantial change in circumstances. Said amount shall cease upon the [plaintiff's] death, remarriage or cohabitation, or the [defendant's] death."

On June 13, 2019, the defendant filed a motion seeking the termination or modification of his obligation to pay alimony to the plaintiff. The defendant alleged that the plaintiff had been "residing with her significant other in the plaintiff's home for at least the past four years." The defendant also alleged that "the plaintiff's significant other contributes to the plaintiff's residence, altering the financial needs of the plaintiff." Additionally, the defendant alleged that, at the time of the judgment of dissolution in 2006, he was gainfully employed but that, on April 12, 2019, he "was released from his longtime employer through no fault of his own. The company downsized and terminate[d] one-third of their employees." The defendant alleged that his current income, derived from his receipt of Social Security and unemployment benefits, was less than his income at the time of the dissolution. Relying on the plaintiff's cohabitation and his decrease in income, the defendant sought, inter alia, (1) a modification of his alimony obligation to zero dollars, (2) an immediate termination of his alimony obligation, and (3) a finding that he had overpaid alimony to the plaintiff.

On October 8, 2019, the court, *Gould, J.*, held a hearing on the defendant's motion. At the hearing, the defendant's attorney presented testimony from both parties.[1] The parties were cross-examined by the plaintiff's attorney. Both parties presented documentary evidence as well. After the witnesses were examined, the court asked the defendant's attorney if she wished to present any additional testimony, to which she replied, "[n]o, Your Honor." The court asked the defendant's attorney, "[m]oving party rests?" The defendant's attorney replied, "[y]es, Your Honor." Thereafter, the court denied the motion.

The court stated: "All right. . . . I've listened to the sworn testimony of the parties. I've carefully reviewed the evidence that's been offered on both parties' behalf. The gravamen of the motion filed on behalf of the defendant requires proof of cohabitation and/or a change— a substantial change in the circumstances on the part— behalf of the plaintiff. The court finds that the defendant has not proven a prima facie case of either cohabitation or a substantial change in circumstances. So, the motion is therefore denied." Immediately following the court's ruling, the defendant's attorney stated that she wanted to be heard with respect to the issue of cohabitation. The court replied that there was "nothing else that needs to be added . . . ." Then, the defendant's attorney stated that "we also had indicated a substantial change in circumstances was part" of the motion. The court replied, "I indicated, and I've ruled on that as well."

On October 28, 2019, the defendant, pursuant to Practice Book § 11-11, filed a motion for reargument with respect to the court's ruling as it related to both grounds on which the defendant relied in the motion for modification, namely, the alleged change in the financial circumstances of the parties and the alleged cohabitation of the plaintiff and a third party.[2] The court summarily denied the motion for reargument. This appeal followed.

I

We first address the defendant's claim that that the court improperly relied on Practice Book § 15-8, which applies to civil actions and not family matters, in concluding that he did not establish a prima facie case. The defendant cannot prevail on this claim.

To prevail on this claim, the defendant must first demonstrate that the court, in fact, relied on Practice Book § 15-8.[3] We take note of the fact that the plaintiff did not make a motion for judgment of dismissal under this rule of practice, nor did the court dismiss the defendant's motion. In its ruling denying the motion, the court did not refer to this rule of practice. After stating that it had considered evidence presented by both parties, the court stated "that the defendant has not proven a prima facie case of either cohabitation or a substantial

change in circumstances." This statement does not establish that the court relied on Practice Book § 15-8. In light of the circumstances in which it was made, the court's statement reasonably could be interpreted to mean that, in its role as fact finder, the court had evaluated the totality of the evidence and did not find the relevant factual issues in the defendant's favor.

It is well settled that the defendant can prevail on appeal not by raising the possibility that an error occurred, but by demonstrating on the basis of an adequate record that the court's ruling was erroneous. "We do not presume error. The burden is on the appellant to prove harmful error." (Internal quotation marks omitted.) *Carothers* v. *Capozziello*, 215 Conn. 82, 105, 574 A.2d 1268 (1990). The defendant has not demonstrated that the court relied on the rule of practice at issue and, thus, he is unable to demonstrate that its reliance on the rule constituted error. Accordingly, the defendant's claim fails.

II

We next turn to the defendant's three remaining claims. For the reasons that follow, we conclude that these three claims are unreviewable due to an inadequate record.

The defendant's second claim is that, even if the court properly relied on Practice Book § 15-8 and analyzed whether he established a prima facie case in support of one or both grounds set forth in his motion, the court nonetheless improperly weighed the evidence and did not properly consider whether he had presented sufficient evidence to establish a prima facie case. The defendant argues that the court's role in evaluating whether he established a prima facie case is limited to determining whether the evidence on which he relied, if taken as true and interpreted in the light most favorable to him, supported the grounds in his motion for modification. The defendant asserts that "the trial [court] employed the wrong standard" because "[its] conclusion that these facts did not support [his] motion for modification necessarily involved the trial court's weighing the evidence . . . ." To prevail on this claim, the defendant must first present this court with a record of what standard the court applied when it denied the motion.

The defendant's third claim is that the court abused its discretion in concluding that he was not entitled to the termination of his alimony obligation because the plaintiff was cohabitating with a third party. To prevail on this claim, the defendant must demonstrate that the court's legal analysis of the issue of cohabitation was flawed or that its findings related to the issue were clearly erroneous. See, e.g., *Cushman* v. *Cushman*, 93 Conn. App. 186, 198, 888 A.2d 156 (2006) (standard of review applicable to cohabitation determination).

"[General Statutes §] 46b-86 (b) is commonly known as the cohabitation statute in actions for divorce. . . . In accordance with the statute, before the payment of alimony can be modified or terminated [on cohabitation grounds], two requirements must be established. First, it must be shown that the party receiving the alimony is cohabit[ing] with another individual. If it is proven that there is cohabitation, the party seeking to alter the terms of the alimony payments must then establish that the recipient's financial needs have been altered as a result of the cohabitation." (Citation omitted; internal quotation marks omitted.) *Lehan* v. *Lehan*, 118 Conn. App. 685, 695, 985 A.2d 378 (2010).

To prevail on his fourth claim, that the court abused its discretion in concluding that the defendant was not entitled to a modification of his alimony obligation because of a substantial change in his financial circumstances, the defendant must demonstrate that the court's legal analysis of the issue of a substantial change in circumstances was flawed or that its findings related to the issue were clearly erroneous. "Section 46b-86 (a) provides that a final order for alimony . . . may be modified by the trial court upon a showing of a substantial change in the circumstances of either party. Under that statutory provision, the party seeking the modification bears the burden of demonstrating that such a change has occurred. . . . To obtain a modification, the moving party must demonstrate that circumstances have changed since the last court order such that it would be unjust or inequitable to hold either party to it. Because the establishment of changed circumstances is a condition precedent to a party's relief, it is pertinent for the trial court to inquire as to what, if any, new circumstance warrants a modification of the existing order. . . .

"Once a trial court determines that there has been a substantial change in the financial circumstances of one of the parties, the same criteria that determine an initial award of alimony and support are relevant to the question of modification. . . . Thus, [w]hen presented with a motion for modification, a court must first determine whether there has been a substantial change in the financial circumstances of one or both of the parties. . . . Second, if the court finds a substantial change in circumstances, it may properly consider the motion and, on the basis of the [General Statutes § 46b-84] criteria, make an order for modification. . . . A finding of a substantial change in circumstances is subject to the clearly erroneous standard of review." (Internal quotation marks omitted.) *Berman* v. *Berman*, 203 Conn. App. 300, 304, 248 A.3d 49 (2021).

As we have explained, these three claims require this court to review a record that adequately sets forth the factual and legal basis of the court's decision. We must have a clear picture of what legal standard the court

applied in ruling on the motion. With respect to the issue of cohabitation, we must be able to ascertain whether the court rejected the claim because it found that cohabitation did not occur or because it found that cohabitation occurred but that it did not alter the plaintiff's financial needs. Finally, with respect to the issue of a change in the defendant's circumstances, we must be able to ascertain whether the court rejected the claim because it found that the defendant's circumstances had not changed since the last court order or because it found that circumstances had changed but that it was not unjust or inequitable to hold the defendant to the terms of the prior order.

"Practice Book § 61-10 (a) provides: 'It is the responsibility of the appellant to provide an adequate record for review. The appellant shall determine whether the entire record is complete, correct and otherwise perfected for presentation on appeal.' This court does not presume error on the part of the trial court; error must be demonstrated by an appellant on the basis of an adequate record. . . . The general purpose of [the relevant] rules of practice . . . [requiring the appellant to provide a sufficient record] is to ensure that there is a trial court record that is adequate for an informed appellate review of the various claims presented by the parties. . . . [A]n appellate tribunal cannot render a decision without first fully understanding the disposition being appealed. . . . Our role is not to guess at possibilities, but to review claims based on a complete factual record . . . . Without the necessary factual and legal conclusions . . . any decision made by us respecting [the claims raised on appeal] would be entirely speculative. . . . If an appellant fails to provide an adequate record, this court may decline to review the appellant's claim." (Citations omitted; internal quotation marks omitted.) *Berger* v. *Deutermann*, 197 Conn. App. 421, 426–27, 231 A.3d 1281, cert. denied, 335 Conn. 956, 239 A.3d 318 (2020).

First, we conclude that the record does not contain a proper statement of the court's decision. The defendant provided this court with a certified transcript of the hearing on the motion for modification. The statements made by the court which appear previously in this opinion were excerpted from the transcript and are the full extent of the court's decision in this matter. The court did not file a memorandum of decision setting forth its reasoning in denying the motion for modification, nor did it prepare and sign a transcript of its oral ruling. See Practice Book § 64-1 (a).

The defendant did not take steps to obtain a transcribed copy of the court's decision, signed by the trial court, in compliance with our rules of practice which obligated him to file a notice pursuant to Practice Book § 64-1 (b) with the appellate clerk. "In cases in which the requirements of Practice Book § 64-1 have not been

followed, this court has declined to review the claims raised on appeal due to the lack of an adequate record. . . . This court has held, however, that despite an inadequate record, *such claims may be reviewed if the certified transcript provides the basis of the trial court's decision.*" (Citation omitted; emphasis added; internal quotation marks omitted.) *Santoro* v. *Santoro*, 132 Conn. App. 41, 47, 31 A.3d 62 (2011); see also *Michaels* v. *Michaels*, 163 Conn. App. 837, 845, 136 A.3d 1282 (2016) (reviewing court may overlook lack of signed transcript of oral decision provided that it can readily identify court's decision encompassing its findings). Although the record before us includes the certified transcript, we cannot identify in the transcript the factual or legal bases for denying the defendant's motion.

Second, the defendant did not attempt to seek an articulation of the court's oral decision pursuant to Practice Book § 66-5. "It is . . . the responsibility of the appellant to move for an articulation or rectification of the record where the trial court has failed to state the basis of [a] decision . . . [or] to clarify the legal basis of a ruling." (Internal quotation marks omitted.) *CC Cromwell, Ltd. Partnership* v. *Adames*, 124 Conn. App. 191, 194, 3 A.3d 1041 (2010); see also *Alliance Partners, Inc.* v. *Oxford Health Plans, Inc.*, 263 Conn. 191, 204, 819 A.2d 227 (2003). Because the court's oral decision denying the motion for modification does not specify the factual or legal basis for the ruling, the defendant's failure to seek articulation is especially significant.

The court's oral ruling does not afford this court with an adequate basis for review. The defendant not only failed to comply with Practice Book § 64-1, but failed to seek an articulation of the court's ruling. For these distinct reasons, we decline to consider the merits of the defendant's remaining claims.

The judgment is affirmed.

[1] The defendant also presented testimony from a private investigator.

[2] "[T]he purpose of reargument is . . . to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked, or that there has been a misapprehension of facts. . . . It also may be used to address alleged inconsistencies in the trial court's memorandum of decision as well as claims of law that the [movant] claimed were not addressed by the court." (Internal quotation marks omitted.) *U.S. Bank, National Assn.* v. *Mamudi*, 197 Conn. App. 31, 47–48 n.13, 231 A.3d 297, cert. denied, 335 Conn. 921, 231 A.3d 1169 (2020).

[3] Practice Book § 15-8 provides: "If, on the trial of any issue of fact in a civil matter tried to the court, the plaintiff has produced evidence and rested, a defendant may move for judgment of dismissal, and the judicial authority may grant such motion if the plaintiff has failed to make out a prima facie case. The defendant may offer evidence in the event the motion is not granted, without having reserved the right to do so and to the same extent as if the motion had not been made."